UNITED STATES OF AMERICA

DISTRICT OF MASSACHUSETTS

04  10704 RWZ

CIVIL ACTION NO.

MAGISTRATE JUDGE _Bowler_

| | | |
|---|---|---|
| JOHN J. BAUGHAN | ) | |
| Plaintiff | ) | |
| | | RECEIPT # 55047 |
| | | AMOUNT $ 150 |
| VS. | ) | SUMMONS ISSUED YES |
| | | LOCAL RULE 4.1 |
| | | WAIVER FORM |
| | | MCF ISSUED |
| TOWN OF WESTPOERT | ) | BY DPTY. CLK. A.O.M |
| Keith Pelletier, Chief | ) | DATE 4.7.04 |
| Officer Todd Oliver | ) | |

COMPLAINT

TOWN OF WESTPOERT )
Keith Pelletier, Chief )
Officer Todd Oliver )
Officer FRANCOIS NAPERT )
Officer Scott Arrington )
Michael R. Healy )
Stuart Kirkaldy, Selectmen )
James J. Long Selectmen )
Marjorie A. Holden Selectmen )
Charles A. Costa Selectmen )
Russell T. Hart Selectmen )
Stephen Ouellette Selectmen

NOW COMES the plaintiff, John J. Baughan, by and through his Attorney, Emile F.

Morad, Sr., and complaining against defendants Officer Keith Pelletier, Officer

Todd Oliver, Officer Francois Napert, Officer Scott Arrington, Chief Michael R.

Healy, selectmen Stewart Kirkaldy, selectmen James Long, selectmen Marjorie

Holden, selectmen Charles A. Costa, selectmen Russell T. Hart and The Legion

Insurance Companies, and Town of Westport and alleges as follows:

JURISDICTION

1.    This action arises under the Constitution of the Untied States, particularly the Fourth, Sixth and Fourteenth Amendments to the Constitution of the United States, particularly the Civil Rights Act, Title 42 of the U.S.C. section 1983 and 1988 and under the common law theories of false imprisonment, false detention, malicious prosecution, slander and defamation, and emotional distress.

2.    The Jurisdiction of the Court is invoked under the provisions of Title 28 of the U.S.C. SECTION 1331 and 1343.

3.    Venue is placed in this district because it is where all parties reside and where the events complained of occurred.

## PARTIES

4.    Plaintiff, John J. Baughan is an individual citizen of the United States of America and a resident of Westport, Bristol County, Massachusetts.

5.    Defendant, Keith Pelletier is and at all times mentioned was a duly appointed, employed and acting Police Officer for the Town of Westport, Massachusetts as well as being an individual resident of Bristol County, Massachusetts. Defendant, Keith Pelletier is being sued in his official capacity as a Police Officer for the Town of Westport, Massachusetts.

6.    Defendant, Todd Oliver, is and at all times mentioned was, a duly appointed, employed and acting Police Officer for the Town of Westport, Massachusetts as well as being an individual resident of Bristol County, Massachusetts. Defendant, Todd Oliver is being sued in his official capacity as a Police Officer for the Town of Westport, Massachusetts.

7.    Defendant, Michael R. Healy at all times mentioned was the duly appointed, employed and acting Chief of Police for the Town of Westport,

Massachusetts as well as being an individual resident of Bristol County, Massachusetts. Defendant Michael R. Healy is being sued in his official capacity as the former Chief of Police for the Town of Westport, Massachusetts.

8.    Defendant, Francois Napert is, and at all times mentioned **was**, the duly appointed, employed and acting Police Officer for the Town of Westport, Massachusetts as well as being an individual resident of Bristol County, Massachusetts. Defendant Francoise Napert is being sued in his official capacity as a police officer for the Town of Westport.

9.    Defendant, Stuart Kirkaldy was at all times mentioned a duly elected, appointed and acting Selectmen for the Town of Westport, Massachusetts as well as being an individual resident of Westport, Massachusetts.  Defendant, Stuart Kirkaldy is being sued in his official capacity **as** a Town of Westport Selectman only.

10.    Defendant, Marjorie Holden was at all times mentioned a duly elected, appointed and acting Selectmen for,, the Town of Westport, Massachusetts as well as being an individual resident of Westport, Massachusetts.   Defendant Marjorie Holden is being sued in her official capacity as a Town of Westport Selectman only.

11.    Defendant, James Long was at all times mentioned a duly elected, appointed and acting Selectmen for the Town of Westport, Massachusetts as well as being an individual resident of Westport, Massachusetts.  Defendant James Long is being sued in his official capacity **as a** Town of Westport Selectman only.

12.    Defendant, Charles A. Costa is, and at all times mentioned was, the duly appointed, elected, employed and acting Selectmen for the Town of Westport, Massachusetts as well as being an individual resident of Westport Massachusetts, Defendant Charles A. Costa is being sued in his official capacity as Town of

Westport Selectmen only.

13. Defendant Russell T. Hart is, and at all times mentioned was, the duly appointed, elected, employed and acting Selectmen for the Town of Westport, Massachusetts as well as being an individual resident of Westport, Massachusetts, Defendant Russell T. Hart is being sued in his official capacity Town of Westport Selectmen only.

14. Defendant, Stephen Ouellette is, and at all times mentioned was, the duly appointed, elected and acting Selectmen for the Town of Westport, Massachusetts. Defendant Stephen Ouellette is being sued in his official capacity Town of Westport Selectmen only.

15. Legion Insurance Companies is, and at all times mentioned was, a Corporation duly organized and registered to do business in the Commonwealth of Massachusetts, thereby conducting business in Bristol County, Massachusetts, and authorized to do, and doing business as a surety in Massachusetts, insured the Town of Westport and its employees.

16. Defendant, Town of Westport is a municipal corporation, duly organized and registered with the Secretary of the Commonwealth of Massachusetts, conducting business within the boundaries of the Town of Westport, County of Bristol, Commonwealth of Massachusetts.

## GENERAL ALLEGATIONS

17. On or about April 10, 2001 plaintiff was lawfully operating an automobile upon the roadways located within the Town of Westport, Massachusetts. At approximately 6:50 P.M. on April 10, 2001, plaintiff's automobile was stopped by defendant, Todd Oliver, a duly authorized and acting Police Officer for the Town on Westport, Massachusetts (herein referred to as (Oliver), on

Main  Road in the Town of Westport, Massachusetts.  The purported reason for stopping the plaintiff's vehicle was an expired registration and rolling through a stop sign, all of which is more particularly discussed and contained in the Westport Police Department Motor Vehicle Violation Report dated April 10, 2001 compiled by Oliver, attached hereto and made a part hereof and incorporated herein by reference as Exhibit A;

18.   Upon stopping plaintiff's vehicle, Oliver allegedly, based upon his observations, had reason to believe plaintiff was driving under the influence of alcohol.  (See Exhibit A, attached hereto and made a part hereof).

19.   The Plaintiff informed Oliver that he had one drink at dinner with his wife and was on his way to Town meeting where he was participating as a member of the Town's Finance committee. The Plaintiff requested that Oliver take him to the Town Meeting at the High School which was less than two miles away. Instead Oliver and or his fellow officers placed the plaintiff in handcuffs and transported him to the Westport Police Station.

20.  Thereafter, Defendant Oliver caused the plaintiff to take a Breathalyzer test which a resulted in a reading of 01.  (See attached results of Breathalyzer test attached hereto and made a part hereof and incorporated herein by reference as Exhibit B.

21.   Oliver next arrested the Plaintiff and placed him in a cell for disturbing the peace at approximately 7:30 P.M.

22.   The plaintiff demanded to be released immediately on his personal recognizant but Oliver told him he must wait for the Clerk of court to release him. The police never called the clerk.

23. The Plaintiff was held in a cell at the Westport Police Station from approximately 7:00 P.M. to approximately 3:30 A.M. before the Clerk

released him.

24. The next day April 11, 2001 the Plaintiff pleaded not guilty to one count of Disturbing the Peace, in the Fall River District Court.

25. After a Trial before a judge the Plaintiff was found NOT GUILTY OF DISTURBING THE PEACE.

26. Consequently, due to the plaintiff's position on the Town's Finance Committee the nature of the criminal charges generated an inordinate amount of publicity in local media outlets. Much of this publicity was negative in its tone and as such, biased against the plaintiff.

27. Following the Not Guilty finding of the Court, the Plaintiff and his attorney met with the Selectmen and attempted to resolve the matter. The Selectmen and the then Police Chief Michael Healy refused to resolve the matter.

28, the defendants, issued a statement, which was printed in local newspapers, proclaiming the plaintiff was guilty of the various offenses to which he was charged despite his acquittal. This knowingly false statement was defamatory and slanderous.

29. Through the actions of the aforementioned defendants which falsely accused, imprisoned and maliciously prosecuted the plaintiff, in addition to the defamatory and slanderous utterances the plaintiff suffered extreme emotional distress and embarrassment in the local community where he lives and where he is a member of the Town's Finance Committee. The Plaintiff was caused to suffer public indignity, humiliation and damage to his character and reputation.

30. The acts alleged above were committed either on the instruction of defendants Town of Westport, The Selectmen of the

Town of Westport, Michael Healy, officer Todd Oliver, Officer Keith
Pelletier, Stuart Kirkaldy, Stephen Ouellette, Marjorie Holden,
James Long, Charles A. Costa and Russell T. Hart, with the knowledge
and consent of these defendants, or were thereafter approved and
ratified by these defendants..

31.   Each of the named defendants, individually and in
concert with the others, acted under pretense and color of law and
in their official capacity, but such acts were beyond the scope of
their jurisdiction and without authorization of law.   Each
defendant, individually and in concert with the others, acted
willfully, knowingly, and with specific intent to deprive the
plaintiff of his right to freedom from unlawful arrest, detention
and imprisonment, all of which rights are secured to plaintiff by
the Fourth, Sixth and Fourteenth Amendments to the Constitution of
the United States, and by Title 42, U.S.C. sec. 1983 and 1988 in
addition to those civil rights guaranteed to the plaintiff as set
forth in M.G.L.A. Ch. 12 section 111.

### COUNT I FALSE IMPRISONMENT OR FALSE DETENTION

(vs. Keith Pelletier as a Town of Westport Police Officer)

32.   Plaintiff restates those allegations contained in
paragraphs one through thirty-one respectively, incorporating the
same herein by reference.

33.   Defendant Pelletier in his official capacity as a
Westport Police Officer, did knowingly engage in conduct whereby
the plaintiff was falsely imprisoned or falsely detained, thereby
causing damage to plaintiff.

WHEREFORE, plaintiff John J. Baughan requests judgment
against defendant Keith Pelletier in his official capacity as a

Westport Police Officer for damages, plus interest, costs, attorneys fees and such other relief deemed just and proper.

### COUNT II Malicious Prosecution

(vs. Keith Pelletier, as police officer)

34.  Plaintiff restates those allegations contained in paragraphs one through thirty-one respectively, incorporating the same herein by reference.

35.  Defendant Pelletier actions in effectuating and assisting in the arrest and the detention of the plaintiff exceeded his lawful authority as a Police Office for the Town of Westport.  These actions of defendant Pelletier caused the plaintiff to be maliciously prosecuted thereby resulting in damages.

WHEREFORE, plaintiff John J. Baughan requests judgment against defendant Keith Pelletier individually for damages plus interest, costs, attorneys fees, and such other relief deemed just and proper.

### COUNT III LIBEL AND SLANDER

(vs. Keith Pelletier as police officer)

36.  Plaintiff restates those allegations contained in paragraphs one through thirty- one respectively, incorporating the same herein by reference.

37.  Defendant in his official capacity as a Westport Police Officer did knowingly engage in conduct whereby the plaintiff was libeled and slandered, thereby causing damage to plaintiff.

WHEREFOR, plaintiff John J. Baughan request judgment against Keith

Pelletier in his official capacity as a Westport Police Officer for damages, plus interest, cost, attorney fees and such other relief deemed just and proper.

## COUNTY IV EMOTIONAL DISTRESS

( VS. Keith Pelletier as a Town of Westport Police Officer)

38. Plaintiff restates those allegations contained in paragraph one through thirty-one respectively, incorporating the same herein by reference.

39. Defendant Pelletier in his official capacity as a Westport Police Officer, did knowingly engage in conduct whereby the plaintiff was caused to suffer great emotional distress, thereby causing damage to the plaintiff.

WHEREFORE, plaintiff John J. Baughan, request judgment against defendant Keith Pelletier in his official capacity as a Westport Police Officer for damages, plus interest, costs, attorneys fees and such other relief deemed just and proper.

## COUNT V FALSE IMPRISNMENT OR FALSE DETENTION

(vs. Todd Oliver as a Town of Westport Police Officer)

40. Plaintiff restates those allegations contained in paragraphs one through thirty-one respectively, incorporating the same herein by reference.

41. Defendant Oliver, in his official capacity as a Westport Police Officer, did knowingly engage in conduct whereby the plaintiff was falsely imprisoned and detained thereby causing damages to the plaintiff.

WHEREFORE, requests judgment against defendant Todd in his official capacity as a Westport Police Officer for damages plus interest, costs, attorney's fees and such other relief deemed just and proper.

### COUNT VI MALICIOUS PROSECUTION

(vs. Todd Oliver, as a Town of Westport Police Officer)

42.    Plaintiff restates those allegations contained in paragraphs one through thirty-one respectively, incorporating the same herein by reference.

43.    Defendant Oliver's actions in effectuating the arrest and detention of the plaintiff exceeded his lawful authority as a Police Officer for the Town of Westport. These actions of defendant Oliver caused the plaintiff to be maliciously prosecuted thereby resulting in damages.

WHEREFORE, plaintiff John J. Baughan requests judgment against defendant Todd Oliver, in his official capacity as a Westport Police Officer for damages plus interest, costs, attorneys fees and such other relief deemed just and proper.

### COUNT VII LIBEL AND SLANDER

(vs. Todd Oliver as a Westport Police Officer)

44. Plaintiff restates those allegations contained in paragraph one through thirty- one respectively, incorporating the same herein by reference.

45. Defendant Oliver in his official capacity as a Westport Police Officer, did engage in conduct whereby the plaintiff was Libeled and slandered, thereby causing damage to the plaintiff.

WHEREFORE, the plaintiff John J. Baughan request judgment against the defendant Todd Oliver in his official capacity as a Westport Police Officer for damages, plus interest, costs, attorneys fees and such other relief deemed just and proper.

## COUNT VIII EMOTIONAL DISTRESS

(VS. Todd Oliver as a Town of Westport Police Officer)

46. Plaintiff restates those allegations contained in paragraph one through thirty-one respectively, incorporating the same herein by reference.

47. Defendant Oliver in his official capacity as a Westport Police Officer, did knowingly engage in conduct whereby the plaintiff was caused to suffer emotional distress, thereby causing damages to the plaintiff.

WHEREFORE, plaintiff John J. Baughan request judgment against defendant Todd Oliver in his official capacity as a Westport Police Officer for damages, plus interest, costs, attorneys fees and such other relief deemed just and proper.

## COUNT IX FALSE IMPRISNMENT AND FALSE DETENTION

(vs. Francois Napert as a Town of Westport Police Officer)

48. Plaintiff restates those allegations contained in paragraphs one through thirty-one respectively, incorporating the same herein by reference.

49. Defendant Napert, in his official capacity as a Town of

Westport Police Officer did knowingly engage in conduct whereby the plaintiff was falsely imprisoned and detained thereby causing damage to the plaintiff.

WHEREFORE, plaintiff John J. Baughan requests judgment against defendant Francois Napert in his official capacity as a Westport police Officer for damages, plus interest, costs, attorneys fees and such other relief deemed just and proper.

## COUNT X MALICIOUS PROSECUTION

(vs. Francois Napert as a Town of Westport Police Officer).

50.    Plaintiff restates those allegations contained in paragraphs one through thirty-one respectively, incorporating the same herein by reference.

51.    Defendant Napert's actions in effecting and or assisting in the arrest of the plaintiff exceeded his lawful authority as a police officer for the Town of Westport. These actions of the defendant Napert caused the plaintiff to be maliciously prosecuted, thereby causing damages to plaintiff.

WHEREFORE, plaintiff John J. Baughan requests judgment against defendant Francois Napert, in his official capacity as a Westport Police Officer for damages plus interests, costs, attorneys fees and such other relief deemed just and proper.

## COUNT XI LIBEL AND SLANDER

(vs. Francois Napert as a Town of Westport Police Officer)

52. Plaintiff restates those allegations contained in paragraph one
through thirty-one respectively, incorporating the same herein by reference.

53. Defendant Napert in his official capacity as a Westport Police
Officer' did knowingly engage in conduct whereby the plaintiff was libeled and
slandered, therby causing damage to plaintiff.

WHEREFORE, plaintiff John J. Baughan request judgment against Francois
Napert in his official capacity as a Westport Police Officer for damages, plus
interest, cost, attorney fees and such other relief deemed just and proper.

## COUNT XII EMOTIONAL DISTRESS

( VS. Francois Napert as a Town of Westport Police Officer).

54. Plaintiff restates those allegations contained in paragraph one
through thirty-one respectively, incorporating the same herein by reference.

55. Defendant Napert in his official capacity as a Westport Police
Officer, did knowingly engage in conduct whereby the plaintiff was caused to
suffer emotional distress, thereby causing damage to plaintiff.

WHEREFORE, plaintiff John J. Baughan request judgment against defendant
Francois Napert in his official capacity as a Westport Police Officer for
damages, plus interest, costs, attorney fees, and such other relief deemed just
and proper.

## COUNT XIII FALSE IMPRISNMENT AND FALSE DETENTION.

( vs. Scott Arrington  as police officer of the Town of Westport)

56.  Plaintiff restates those allegations contained in paragraphs

one though thirty-one respectively, incorporating the same herein by reference.

57.   Defendant Arrington in his official capacity as a Westport Police Officer, did knowing engage in conduct whereby the plaintiff was falsely imprisoned and detained thereby causing damages to the plaintiff.

WHEREFORE, plaintiff John J. Baughan requests judgment against defendant Scott Arrington in his official capacity for damages plus interest, costs, attorney's fees and such other relief deemed just and proper.

## COUNT XIV MALICIOUS PROSECUTION

(vs. Scott Arrington, AS A Town of Westport Police Officer)

58.   Plaintiff restates those allegations contained in paragraphs one through thirty-one respectively, incorporating the same herein by reference

59. Defendant Arrington's actions in effectuating the arrest and detention of the Plaintiff exceeded his lawful authority as a Police Officer for the Town of Westport. These actions of the defendant Arrington caused the Plaintiff to be maliciously prosecuted thereby resulting in damages.

WHEREFORE, plaintiff John J. Baughan requests judgment against defendant Scott Arrington in his official capacity as a Westport Police Officer for damages plus interest, cost, attorneys fees, and such other relief deemed just and proper.

## COUNT XV LIBEL AND SLANDER

(vs. Scott Arrington as a Town of Westport Police officer)

60.    Plaintiff restates those allegations contained in paragraphs one through thirty-one respectively, incorporating the same herein by reference.

61.    Defendant Arrington in his official capacity as a Westport Police Officer, did knowingly and intentionally engage in conduct whereby the plaintiff was Libeled and slandered, thereby causing damage to plaintiff.

WHEREFORE.    Plaintiff, John J. Baughan requests judgment against defendant Scott Arrington in his official capacity as a Westport Police Officer for damages, plus interest, costs, attorneys fees and such other relief deemed just and proper.

## COUNT XVI EMOTIONAL DISTRESS

(vs. Scott Arrington as a Town of Westport Police Officer)

62.    Plaintiff restates those allegations contained in paragraphs one through thirty-one respectively, incorporating the same herein by reference.

63.    Defendant Arrington, in his official capacity as a Westport Police Officer, did knowingly and intentionally engage in conduct whereby the plaintiff was caused to suffer emotional distress thereby causing damage to plaintiff

WHEREFORE, plaintiff John J. Baughan requests judgment against defendant Scott Arrington in his official capacity as a Westport Police Officer for damages plus interest, costs, attorneys fees and such other relief deemed just and proper.

**COUNT XVII FALSE ARREST, FALSE DETENTION, MALICIOUS**

**PROSECUTION, LIBEL & SLANDER& EMOTIONAL DISTRESS**

(vs. Michael R. Healy as Westport Police Chief)

64.  Plaintiff restates those allegations contained in paragraphs one through thirty-one respectively, incorporating the same herein by reference.

65.  Defendant Healy in his official capacity as Westport Police Chief, owed the plaintiff a duty to protect him in upholding the laws of the Commonwealth and the United States.

66.  Defendant Healy breached this duty to the plaintiff through his negligent training and/or supervision of the defendants Pelletier, Oliver, Napert and Arrington, thereby causing the Plaintiff to be falsely imprisoned, falsely detained, slandered and libeled, maliciously prosecuted and suffer emotional distress.  As a result of^ defendant Healy's negligence the plaintiff was injured and incurred damages.

WHEREFORE, plaintiff John J. Baughan. requests judgment against the defendant Michael R. Healy in his official capacity as Westport Police Chief for damages plus interest, costs, attorneys fees and such other relief deemed just and proper.

**COUNT XVIII FALSE ARREST, FALSE DETENTION, MALICIOUS**

**PROSECUTION, LIBEL & SLANDER & EMOTIONAL DISTRESS**

(vs. Michael R. Healy, individually)

67.  Plaintiff restates those allegations contained in paragraphs one through thirty-one respectively, incorporating the same herein by reference.

68.   Defendant Healy in his official capacity as Westport Police Chief, owed the plaintiff a duty to protect him in upholding the laws of the Commonwealth of Massachusetts and the United States of America.

69. Defendant Healy breached this duty to the plaintiff through his negligence training and/or supervising of the defendants Pelletier, Oliver, Napert and Arrington, thereby causing the plaintiff to be falsely imprisoned, falsely detained, maliciously prosecuted, libeled and slandered and caused to suffer emotional distress. As a result of defendant Healy's negligence the plaintiff was injured and incurred

WHEREFORE, plaintiff John J. Baughan requests judgment against defendant Michael R. Healy individually for damages plus interest, costs attorneys fees and such other relief deemed just and proper.

## COUNT XIX FALSE IMPRISNMENT, FALSE DETENTION, MALICIOUS PROSECUTION, LIBEL & SLANDER, & EMOTIONAL DISTRESS.

(vs. Town of Westport)

70.   Plaintiff restates those allegations contained in paragraphs one through thirty-six respectively, incorporating the same herein by reference.

71.   Defendant Town of Westport, through the actions of its Agents, servants, employees, and/or independent contractors either instructed or thereafter ratified and/or approved actions of the Westport Police in their willful, knowing and intentional deprivation of the plaintiff s rights to freedom from unlawful arrest, detention and imprisonment, all of which are secured to him by the Fourth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42, U.S.C. section 1983, in addition to those rights guaranteed to the plaintiff as set forth in M.G.L.A. Ch. 12 section 111.

72. Defendant Town of Westport in its failure to instruct, train and supervise its Police Officers caused the Police Officers to engage in intentional conduct so as to cause the plaintiff to suffer false imprisonment, false detention, malicious prosecution, slander and libeled and emotional distress whereby the plaintiff was damaged.

73. The aforesaid actions of the defendant Town of Westport carried out through its agents, servants, employees and/or independent contractors resulted injury to the plaintiff whereby he incurred damages.

WHEREFORE, plaintiff John J. Baughn requests judgment against defendant Town of Westport for damages plus interest, costs, attorney's fees and such other relief deemed just and proper.

## COUNT XX FALSE IMPRISONMEMT AND FALSE DETENTION.

(vs. Stuart Kirkaldy, Marjorie Holden, James Long, Charles A. Costa, Russell T. Hart and Stephen Ouellette as Town of Westport Selectman)

74. Plaintiff restates those allegations contained in paragraphs one through thirty-six respectively, incorporating the same herein by reference.

75. Defendant, Selectmen of the Town of Westport in their official capacity as Selectmen of the Town of Westport, either instructed or thereafter ratified and/or approved the actions of the Westport Police in their willful, knowing and intentional deprivation of the plaintiff's rights to freedom from unlawful arrest, detention and imprisonment, all of which rights are secured to him by the Fourth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42, U.S.C. n 1983 and 1988, in addition to those rights guaranteed to the plaintiff as set forth in M.G.L.A. Ch.12, section 111.

76.   Defendants, selectmen of the Town of Westport failure to supervise and train the officers of the Westport Police Department caused the officers of the police department to engage in intentional conduct so as to cause the plaintiff to suffer malicious prosecution, libel and slander, and emotional distress whereby the plaintiff suffered damages.

77.   Defendants official actions in this regard resulted in injury to the plaintiff whereby he incurred damages.

WHEREFORE, plaintiff John J. Baughan requests judgment against defendants, in their official capacity as Westport selectman for damages plus interest, costs, attorneys fees and such other relief deemed just and proper.

## COUNT XXI

(VS Michael Healy as former Chief of Westport Police Department)

78.   Plaintiff restates those allegations contained in paragraph one through thirty-one respectively, incorporating the same herein by reference.

79.   Defendant Michael R. Healy in his official capacity as Westport Police Chief either instructed, or failed to train, his officers and then thereafter ratified willfully, knowingly and with specific intent to deprive the plaintiff of his right to freedom from unlawful arrest, detention and imprisonment, all of which rights are secured to him by the Fourth, Sixth and Fourteenth Amendments to the Constitution of the United States, and by Title 42, U.S.C. n 1983 and 1988, in addition to those rights guaranteed to the plaintiff as set forth in M.G.L. Ch. 12, section 111.

80.   Defendant Healy's official actions in this regard resulted in injury to the plaintiff whereby he incurred damages.

WHEREFORE, plaintiff John J. Baughan requests judgment against defendant Michael R. Healy in his official capacity as Westport Police Chief for damages plus interest, costs, attorneys fees and such other relief deemed just and proper.

## COUNT **XXII**

(vs. Keith Pelletier, Todd Oliver, Francois Napert, and Scott Arrington as Westport Police Officers)

81.  Plaintiff restates those allegations contained in paragraphs one through thirty-six respectively, incorporating the same herein by reference.

82.  Defendants Pelletier, Oliver, Napert, and Arrington exceeded their lawful authority in their official capacity as Westport Police Officers when they engaged in a willful, knowing and intentional deprivation of the plaintiff^s rights to freedom from unlawful arrest, detention and imprisonment, all of which rights are secured to him by the Fourth, Sixth and Fourteenth Amendments to the Constitution of the United States, and by Title 42, U.S.C. sec. 1983 and 1988, in addition to those rights guaranteed the plaintiff as set forth in M.G.L.A. Ch. 12, section 111.

83.  Defendants Pelletier, Oliver, Napert and Arrington official actions in this regard resulted in injury to the plaintiff whereby he incurred damages.

WHEREFORE, plaintiff John J. Baughan  requests judgment against defendants Pelletier, Oliver, Napert and Arrington in their official capacity Westport Police Officers for damages plus interest, costs, attorneys fees and such other relief deemed just and proper.

## COUNT **XXIII**

(vs. Legion Insurance Companies)

84. Plaintiff restates those allegations contained in paragraphs one through thirty- one respectively, incorporating the same herein by reference.

85. Defendant Legion Insurance Companies acted as a surety for the Town of Westport its agents, servants and employees at all times relevant to the

allegations hereunder. The actions of defendants Pelletier, Oliver, Napert, Arrington, Healy, Kirkaldy, Long, Holden, Costa, Hart and Ouelette as the same are alleged to have occurred in their official capacities as agents, servants and/or employees of the Town of Westport, fall under the provisions of the surety issued through defendant Legion  Insurance Companies.

96. Plaintiff has been injured and has incurred damages as a result of the actions of the aforesaid Town of Westport's agents, servants and/or employees.

**WHEREFORE, plaintiff John J. Baughan requests judgment against defendant** Legion Insurance Company  as surety for the Town of Westport and its agents, servants and/or employees for damages plus interest, costs, attorneys fees and such other relief deemed just and proper

JURY DEMAND

Plaintiff demands a Trial by Jury on all Counts and issues raised herein.

By his Attorneys,

Emile E. Morad Esq.
460 County Street,
New Bedford, Ma. 02740
Tel 508 997-0001
BBO 353-420

On Tuesday, April 10, 2001 at 6:50pm I was traveling east on Charlotte White Road approaching Main Road. As I neared the four way stop sign in this area I noticed a red Ford pick up truck traveling north on Main Road. This vehicle did not come to a complete stop at the stop sign, it rolled through. As this vehicle, bearing MA registration 2182HJ, passed to my left on Main Road I noticed the registration sticker was expired.

I got behind this vehicle and activated my marked cruiser's emergency lights and the vehicle pulled over to the side of the road. I asked the operator for his driver's license and the vehicle's registration. I informed the operator, John J. Baughan (DOB 05/16/28, SS# 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), that I stopped him because he didn't stop at the stop sign and that his registration sticker was expired.

Through my cellular phone, because my portable radio wasn't working I had dispatcher Andrade run a computer query on the vehicle and operator. Dispatcher Andrade informed me that the registration was expired. I finished filling out Mr Baughan's citation and I went back to his vehicle. I informed him that his vehicle's registration was expired and that the vehicle would need to be towed. Mr Baughan started arguing with me, saying that it wasn't expired and that he was just going to the town meeting and that he was going to leave. I told him that in the MA registry the vehicle was expired. I asked him if he had AAA, to tow the vehicle. He said he did have AAA and I told him that Brayton's would be towing the vehicle. He continued to argue with me about the registration and asked me how long I had been working as a police officer. I again told him that Brayton's would end up towing his vehicle and I went back to my cruiser to let the dispatcher know about the tow.

As I walked backed to my cruiser, Mr Baughan got out of his vehicle and started walking towards me. I told him to get back in his truck several times, but he continued to walk towards me. As I was standing behind my cruiser's open driver's door, Mr Baughan was almost to my cruiser's front bumper. I again told him to get back into his vehicle. He told me, "I'm not going to listen to anything you say". Mr Baughan then grabbed my cruiser's driver's door and opened it all the way, it had been only half way open. He continued to argue with me, while he stood just about in the middle of Main Road. He started to raise his voice and traffic slowed because there was only one lane of travel open. I informed Mr Baughan that if he didn't go back to his vehicle that he would be arrested for disorderly conduct.

As I spoke with Mr Baughan I noticed a slight order of alcohol from his breath. As he continued to argue with me I sat in my cruiser and closed the driver's door. Mr Baughan then opened the cruiser's driver's door and continued arguing in a raised voice. I closed my cruiser's driver's door again. Just as soon as I closed it, he opened it again still arguing with me. I closed my cruiser's door and locked it and called dispatcher Andrade so that Sgt Pelletier could respond to my location. As I was talking with the dispatcher, Mr Baughan stood in the middle of Main Road still arguing with me.

Mr Baughan then began to walk towards his vehicle. I got out of my cruiser to see what he was going to do. He then started to walk back to my cruiser and I told him to stay with his vehicle. As he stood in the roadway he continued to argue with me, but I couldn't understand what he was saying. He tried to open my cruiser's door again, but I grabbed the handle and kept the door closed. Mr Baughan then lifted up my cruiser's left windshield wiper and put his vehicle's key under them. He then started to walk away and got about 200 feet when Sgt Pelletier and Officers Napert and Arrington arrived on the scene. Officer Napert brought Mr Baughan back to



Reference: 01-87-AR
Officer: PTL. TODD C OLIVER

my location, while I spoke with Sgt Pelletier.

I asked Mr Baughan if he had been drinking tonight and he told me that he had nothing to say to me and refused to do any field sobriety tests. Due to the fact that he was uncooperative, had violent mood swings and the smell of alcohol on his breath, these being consistant with a person under the influence I then placed Mr Baughan under arrest for disorderly conduct and operating under the influence of alcohol.

I transported Mr Baughan to the Westport Police Station where he was booked in by Sgt Pelletier. He was advised of his rights under C263 S5A and allowed to make a phone call. Mr Baughan agreed to take a Breathalizer test to determine his blood alcohol level. The results of this test were both .01 with the calibration check at .15. He did say that he had one drink at Abraham Manchester's at 6:30pm. After the booking process he was then placed in cell #1.

Mr Baughan was arrested for disorderly conduct and given citation #K0655392 for C90 S9 - expired registration and C89 S9 - stop sign violation. His vehicle was towed by Brayton's to their facility. The videotape of the booking process was logged into evidence with evidence #2877.

Signed Under The Pains And Penalties Of Perjury

Officer Todd Oliver

Exhibit "B"

↑ **501** THIS SIDE UP. THIS EDGE IN. FORM NUMBER 015010  ↑

```
CMI INC
INTOXILYZER - ALCOHOL ANALYZER
MA MODEL 5000      SN 64-001358
04/10/00

TEST            %BAC        TIME
AIR BLANK        .00       19:55
SUBJECT TEST     .01   -   19:56
AIR BLANK        .00       19:56
CAL. CHECK       .15       19:57
AIR BLANK        .00       19:57
SUBJECT TEST     .01       19:58
AIR BLANK        .00       19:58
```

JOHN J. BAUGHAN
_____
SUBJECT'S NAME

6:5P                    NEWPORT  P.D.
_____  _____
TIME FIRST OBSERVED      INSTRUMENT LOCATION

OLIVER
_____
OPERATOR
ADDITIONAL INFORMATION AND/OR REMARKS