UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04CV10704RWZ

| | |
|---|---|
| JOHN J. BAUGHAN,<br><br>　　　　Plaintiff<br><br>v.<br><br>TOWN OF WESTPORT, KEITH PELLETIER, CHIEF OFFICER TODD OLIVER, OFFICER FRANCOIS NAPERT, OFFICER SCOTT ARRINGTON, MICHAEL R. HEALY, STUART KIRKALDY, SELECTMEN JAMES J. LONG, SELECTMEN MARJORIE A. HOLDEN, SELECTMEN CHARLES A COSTA, SELECTMEN RUSSELL T. HART, SELECTMEN STEPHEN OUELLETTE,<br><br>　　　　Defendants | ANSWER |

Now come the defendants, and hereby respond to the correspondingly numbered paragraphs of the plaintiff's Complaint as follows:

## JURISDICTION

1. The allegations of paragraph 1 comprise contentions as to matters of law not requiring a response. To the extent a response is required, defendants deny the allegations.

2. The allegations of paragraph 2 comprise contentions as to matters of law not requiring a response.

3. The allegations of paragraph 3 comprise contentions as to matters of law not requiring a response.

## PARTIES

4. The defendants are without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 4.

5. The defendants admit the first sentence of paragraph 5. The allegations of the second sentence of paragraph 5 comprise contentions as to matters of law not requiring a response.

6. The defendants admit the first sentence of paragraph 6. The allegations of the second sentence of paragraph 6 comprise contentions as to matters of law not requiring a response.

7. The defendants admit the first sentence of paragraph 7. The allegations of the second sentence of paragraph 7 comprise contentions as to matters of law not requiring a response.

8. The defendants admit the first sentence of paragraph 8. The allegations of the second sentence of paragraph 8 comprise contentions as to matters of law not requiring a response.

9. The defendants admit the first sentence of paragraph 9. The allegations of the second sentence of paragraph 9 comprise contentions as to matters of law not requiring a response.

10. The defendants admit the first sentence of paragraph 10. The allegations of the second sentence of paragraph 10 comprise contentions as to matters of law not requiring a response.

11. The defendants admit the first sentence of paragraph 11. The allegations of the second sentence of paragraph 11 comprise contentions as to matters of law not requiring a response.

12. The defendants admit the first sentence of paragraph 12. The allegations of the second sentence of paragraph 12 comprise contentions as to matters of law not requiring a response.

13. The defendants admit the first sentence of paragraph 13. The allegations of the second sentence of paragraph 13 comprise contentions as to matters of law not requiring a response.

14. The defendants admit the first sentence of paragraph 14. The allegations of the second sentence of paragraph 14 comprise contentions as to matters of law not requiring a response.

15. The defendants admit the first sentence of paragraph 15. The allegations of the second sentence of paragraph 15 comprise contentions as to matters of law not requiring a response.

16. The defendants admit the allegations of paragraph 16.

## GENERAL ALLEGATIONS

17. The defendants deny the allegations of the first sentence of paragraph 17. The defendants admit the allegations in the second sentence. As to the allegations in the third sentence of this paragraph, the defendants admit that plaintiff was stopped due to an expired registration and the failure to stop at a stop sign, and that the reasons for the stop were identified in the officer's incident report; all further characterizations and inferences set forth in this sentence are denied.

18. The defendants admit the allegations of paragraph 18.

19. The defendants admit that plaintiff stated that he had a drink with dinner, but deny the timing of this statement suggested in the first sentence of paragraph 19; rather the defendants state that this statement was made during the booking process at the police station. The defendants admit the allegations set forth in the second and third sentences of this paragraph.

20. The defendants admit the allegations of paragraph 20.

21. The defendants admit that plaintiff was arrested for disturbing the peace, but deny the timing set forth in this sentence.

22. The defendants deny the allegations of paragraph 28.

23. The defendants state that the plaintiff was placed in a cell at 7:39 p.m. and was released at 3:10 a.m.

24. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this sentence.

25. The defendants admit the allegations of paragraph 25.

26. The defendants are without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 26.

27. The defendants state that any allegations regarding settlement negotiations are privileged and that no response to the allegations set forth in paragraph 27 is therefore required.

28. The defendants deny the allegations of paragraph 28.

29. The defendants deny the allegations of paragraph 29.

30. The defendants deny the allegations of paragraph 30.

31. The defendants deny the allegations of paragraph 31.

## COUNT I

32. The defendants restate and incorporate its answers to paragraphs 1-31 as if fully set forth herein.

33. The defendants deny the allegations of paragraph 33.

## COUNT II

34. The defendants restate and incorporate its answers to paragraphs 1-33 as if fully set forth herein.

35. The defendants deny the allegations of paragraph 35.

## COUNT III

36. The defendants restate and incorporate its answers to paragraphs 1-35 as if fully set forth herein.

37. The defendants deny the allegations of paragraph 37.

## COUNT IV

38. The defendants restate and incorporate its answers to paragraphs 1-37 as if fully set forth herein.

39. The defendants deny the allegations of paragraph 39.

## COUNT V

40. The defendants restate and incorporate its answers to paragraphs 1-39 as if fully set forth herein.

41. The defendants deny the allegations of paragraph 41.

## COUNT VI

42. The defendants restate and incorporate its answers to paragraphs 1-42 as if fully set forth herein.

43. The defendants deny the allegations of paragraph 43.

## COUNT VII

44. The defendants restate and incorporate its answers to paragraphs 1-43 as if fully set forth herein.

45. The defendants deny the allegations of paragraph 45.

## COUNT VIII

46. The defendants restate and incorporate its answers to paragraphs 1-45 as if fully set forth herein.

47. The defendants deny the allegations of paragraph 47.

## COUNT IX

48. The defendants restate and incorporate its answers to paragraphs 1-47 as if fully set forth herein.

49. The defendants deny the allegations of paragraph 49.

## COUNT X

50. The defendants restate and incorporate its answers to paragraphs 1-49 as if fully set forth herein.

51. The defendants deny the allegations of paragraph 51.

## COUNT XI

52. The defendants restate and incorporate its answers to paragraphs 1-51 as if fully set forth herein.

53. The defendants deny the allegations of paragraph 53.

## COUNT XII

54. The defendants restate and incorporate its answers to paragraphs 1-53 as if fully set forth herein.

55. The defendants deny the allegations of paragraph 55.

## COUNT XIII

56. The defendants restate and incorporate its answers to paragraphs 1-55 as if fully set forth herein.

57. The defendants deny the allegations of paragraph 57.

## COUNT XIV

58. The defendants restate and incorporate its answers to paragraphs 1-58 as if fully set forth herein.

59. The defendants deny the allegations of paragraph 59.

## COUNT XV

60. The defendants restate and incorporate its answers to paragraphs 1-59 as if fully set forth herein.

61. The defendants deny the allegations of paragraph 61.

## COUNT XVI

62. The defendants restate and incorporate its answers to paragraphs 1-61 as if fully set forth herein.

63. The defendants deny the allegations of paragraph 63.

## COUNT XVII

64. The defendants restate and incorporate its answers to paragraphs 1-63 as if fully set forth herein.

65. The defendants deny the allegations of paragraph 65.

66. The defendants deny the allegations of paragraph 66.

## COUNT XVIII

67. The defendants restate and incorporate its answers to paragraphs 1-66 as if fully set forth herein.

68. The defendants deny the allegations of paragraph 68.

69. The defendants deny the allegations of paragraph 69.

## COUNT XIX

70. The defendants restate and incorporate its answers to paragraphs 1-69 as if fully set forth herein.

71. The defendants deny the allegations of paragraph 71.

72. The defendants deny the allegations of paragraph 72.

73. The defendants deny the allegations of paragraph 73.

## COUNT XX

74. The defendants restate and incorporate its answers to paragraphs 1-73 as if fully set forth herein.

75. The defendants deny the allegations of paragraph 75.

76. The defendants deny the allegations of paragraph 76.

77. The defendants deny the allegations of paragraph 77.

## COUNT XXI

78. The defendants restate and incorporate its answers to paragraphs 1-77 as if fully set forth herein.

79. The defendants deny the allegations of paragraph 79.

80. The defendants deny the allegations of paragraph 80.

## COUNT XXII

81. The defendants restate and incorporate its answers to paragraphs 1-80 as if fully set forth herein.

82. The defendants deny the allegations of paragraph 82.

83. The defendants deny the allegations of paragraph 83.

## COUNT XXIII

84. The defendants restate and incorporate its answers to paragraphs 1-83 as if fully set forth herein.

85. The defendants deny the allegations of paragraph 85.

86. The defendants deny the allegations of paragraph 86.

## **DEFENSES**

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Complaint fails for lack of subject matter jurisdiction.

## THIRD DEFENSE

All claims against the individual defendants in their so-called "official" capacities must be dismissed, as they are duplicative with the claims against the Town itself.

## FOURTH DEFENSE

The Complaint is barred by the doctrine of equitable estoppel.

## FIFTH DEFENSE

The Complaint is barred by the doctrine of laches.

## SIXTH DEFENSE

The Complaint fails to state a claim for which relief can be granted in that plaintiff has failed to plead any actual damages.

## SEVENTH DEFENSE

The actions and conduct of the individual defendants did not violate any clearly established constitutional or statutory rights of which they reasonably should have been aware, and they are therefore entitled to qualified immunity.

## EIGHTH DEFENSE

The actions and conduct of the individual defendants, to the extent they occurred as alleged, were objectively reasonable under the circumstances of which they were aware, and they are therefore entitled to qualified immunity.

## NINTH DEFENSE

The Complaint is barred as the defendants were at all relevant times carrying out executive and administrative functions in good faith, and in the reasonable belief that their actions were lawful.

## TENTH DEFENSE

The municipal defendants deny all of plaintiff's allegations of wrongful conduct and state there is no custom or policy amounting to a constitutional violation.

## ELEVENTH DEFENSE

The individual defendants are immune from negligence claims pursuant to G.L. c.258.

## TWELFTH DEFENSE

The Municipal Defendants are immune from intentional tort claims pursuant to G.L. c.258.

## THIRTEENTH DEFENSE

The Complaint is barred pursuant to the applicable statutes of limitations.

## FOURTEENTH DEFENSE

Plaintiff fails to state a claim upon which relief may be granted because he has failed to allege that the defendants deprived him of a federal constitutional right.

## FIFTEENTH DEFENSE

The defendants are entitled to absolute immunity.

## SIXTEENTH DEFENSE

The actions and conduct of the defendant, to the extent they occurred as alleged, were undertaken in the good faith performance of its official duties without malice and were therefore privileged under applicable law.

## SEVENTEENTH DEFENSE

Any injury or damages suffered by the plaintiff, to the extent actually incurred as alleged, were caused by reason of the plaintiff's own wrongful acts, reckless misconduct and negligence.

### EIGTEENTH DEFENSE

The Complaint fails to state a claim for which punitive damages are available against the defendant.

### NINETEENTH DEFENSE

At the time alleged in the Complaint, the defendant Town was engaged as a public instrumentality and therefore the plaintiff's recovery is barred or limited in accordance with G.L. c. 258 and the doctrine of sovereign immunity.

### TWENTIETH DEFENSE

This action consists of a claim based upon the performance or failure to perform a discretionary function or duty on the part of a public employer or public employee, acting within the scope of his office or employment, and, therefore, the plaintiff cannot recover in this action.

### TWENTY-FIRST DEFENSE

The plaintiff is precluded from any recovery as the negligence of the plaintiff was greater than the defendants' alleged negligence and plaintiff cannot recover pursuant to G.L. c. 231, §85.

### TWENTY-SECOND DEFENSE

If defendants were negligent, which is denied, and the negligence of defendants exceeded the negligence of the plaintiff, which is denied, then the damages assessable against the defendants should be reduced by the percentage of negligence attributable to plaintiff.

### TWENTY-THIRD DEFENSE

If the plaintiff sustained damages as alleged in the Complaint, they were caused by acts of a third person or persons, which acts the defendants had no reason to anticipate and of which person or persons the defendants had no knowledge, and over whom it had no control.

## TWENTY-FOURTH DEFENSE

If the plaintiff suffered any damages as alleged, such damages were caused by the intervening act or acts or omissions of parties other than the defendants, and said act or acts or omissions superseded any alleged action or omission by the defendants for which they might be considered liable to the plaintiff, and which the defendants could not reasonably have foreseen, nor for which they can be held liable in this action.

## TWENTY-FIFTH DEFENSE

The defendant's actions are immune from suit pursuant to the "public duty rule".

## TWENTY-SIXTH DEFENSE

The Town may not be held liable on a theory of respondeat superior.

## TWENTY-SEVENTH DEFENSE

The Town is not a "person" subject to suit pursuant to the Massachusetts Tort Claims Act.

## TWENTY-EIGHTH DEFENSE

The Complaint fails to state a cause of action for which relief may be granted against many of the individual defendants, in that it states no personal involvement or knowledge by said defendants of the alleged wrongdoing or of any pattern of wrongful behavior.

## TWENTY-NINTH DEFENSE

The defendants state that the plaintiff is barred from recovery as he was committing a violation of the General Laws of the Commonwealth of Massachusetts.

### THIRTIETH DEFENSE

As to some or all of plaintiff's claims under state law, plaintiff has failed to comply with mandatory statutory prerequisites to the maintenance of this cause of action and his action is therefore barred and this Court lacks subject matter jurisdiction over such claims.

### THIRTY-FIRST DEFENSE

The Complaint should be dismissed for failure to present the claim and to give notice in accordance with G.L. c.258.

### THIRTY-SECOND DEFENSE

The Complaint should be dismissed for insufficient service of process

### THIRTY-THIRD DEFENSE

The Complaint should be dismissed for insufficiency of process.

### THIRTY-FOURTH

The action filed by the plaintiffs is frivolous, wholly unsubstantial and not advanced in good faith, entitling the defendants to recovery of all costs, expenses and attorneys' fees associated with the defense of this case.

### JURY DEMAND

The defendants respectfully demand a trial by jury on all claims so triable.

DEFENDANTS,

By their attorneys,

Jonathan M. Silverstein (BBO# 630431)
Jackie Cowin (BBO# 655880)
Kopelman and Paige, P.C.
 Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 5/21/04

219793/METG/0554