**UNITED STATES OF AMERICA**

**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 04-10704 RWZ**

| | |
|---|---|
| JOHN J. BAUGHAN | ) |
| Plaintiff | ) |
| | |
| VS. | )    AMENDED COMPLAINT |
| | |
| TOWN OF WESTPORT | ) |
| Keith Pelletier, Chief | ) |
| Officer Todd Oliver | ) |
| Officer FRANCOIS NAPERT | ) |
| Officer Scott Arrington | ) |
| Stuart Kirkaldy, Selectmen | ) |
| Michael R. Healy | ) |
| Stephen Ouellette Selectmen | ) |

NOW COMES the plaintiff, John J. Baughan, by and through his Attorney, Emile E. Morad, Sr., and complaining against defendants Officer Keith Pelletier, Officer Todd Oliver, Officer Francois Napert, Officer Scott Arrington, Chief Michael R. Healy, selectmen Stewart Kirkaldy, selectmen Stephen Ouellette and Town of Westport and alleges as follows:

**JURISDICTION**

1.    This action arises under the Constitution of the Untied States, particularly the Fourth, Sixth and Fourteenth Amendments to the Constitution of the United States, particularly the Civil Rights Act, Title 42 of the U.S.C. section 1983 and 1988 and under the common law theories of false imprisonment,

false detention, malicious prosecution, slander and defamation, negligence and
emotional distress.

2.    The Jurisdiction of the Court is invoked under the provisions of
Title 28 of the U.S.C. SECTION 1331 and 1343.


3.    Venue is placed in this district because it is where all parties
reside and where the events complained of occurred.


## PARTIES

4.    Plaintiff, John J. Baughan is an individual citizen of the United
States of America and a resident of Westport, Bristol County, Massachusetts.


5.    Defendant, Keith Pelletier is and at all times mentioned was a duly
appointed, employed and acting Police Officer for the Town of Westport,
Massachusetts as well as being an individual resident of Bristol County,
Massachusetts. Defendant, Keith Pelletier is being sued in his official capacity
as a Police Officer for the Town of Westport, Massachusetts.


6.    Defendant, Todd Oliver, is and at all times mentioned was, a duly
appointed, employed and acting Police Officer for the Town of Westport,
Massachusetts as well as being an individual resident of Bristol County,
Massachusetts. Defendant, Todd Oliver is being sued in his official
capacity as a Police Officer for the Town of Westport, Massachusetts.


7.    Defendant, Michael R. Healy at all times mentioned was the duly
appointed, employed and acting Chief of Police for the Town of Westport,
Massachusetts as well as being an individual resident of Bristol County,
Massachusetts.  Defendant Michael R. Healy is being sued in his official
capacity as the former Chief of Police for the Town of Westport, Massachusetts.

8.    Defendant, Francois Napert is, and at all times mentioned was, the duly appointed, employed and acting Police Officer for the Town of Westport, Massachusetts as well as being an individual resident of Bristol County, Massachusetts. Defendant Francoise Napert is being sued in his official capacity as a police officer for the Town of Westport.

9.    Defendant, Stuart Kirkaldy was at all times mentioned a duly elected, appointed and acting Selectmen for the Town of Westport, Massachusetts as well as being an individual resident of Westport, Massachusetts.  Defendant, Stuart Kirkaldy is being sued in his official capacity as a Town of Westport Selectman only.

10.    Defendant Stephen Ouellette is, and at all times was, the duly appointed, elected, employed and acting Selectmen for the Town of Westport, Massachusetts as well as being an individual resident of Westport, Massachusetts. Defendant Stephen Ouellette is being sued in his official capacity Town of Westport Selectmen only.

11.    Defendant, Town of Westport is a municipal corporation, duly organized and registered with the Secretary of the Commonwealth of Massachusetts, conducting business within the boundaries of the Town of Westport, County of Bristol, Commonwealth of Massachusetts.

## GENERAL ALLEGATIONS

12.    On or about April 10, 2001 plaintiff was lawfully operating an automobile upon the roadways located within the Town of Westport, Massachusetts.  At approximately 6:50 P.M. on April 10, 2001, plaintiff's automobile was stopped by the defendant, Todd Oliver, a duly authorized and acting Police Officer for the Town

of Westport, Massachusetts (herein referred to as (Oliver), on
Main Road in the Town of Westport, Massachusetts. The purported
reason for stopping the plaintiff's vehicle was an expired registration
and rolling through a stop sign, all of which is more particularly
discussed and contained in the Westport Police Department Motor Vehicle
Violation Report dated April 10, 2001 compiled by Oliver, attached hereto
and made a part hereof and incorporated herein by reference as Exhibit A;

13. Upon stopping plaintiff's vehicle, Oliver allegedly, based
upon his observations, had reason to believe plaintiff was driving under
the influence of alcohol. (See Exhibit A, attached hereto and made a
part hereof).

14. The Plaintiff informed Oliver that he had one drink at dinner
with his wife and was on his way to Town meeting where he was
participating as a member of the Town's Finance committee. The Plaintiff
requested that Oliver take him to the Town Meeting at the High School
which was less than two miles away. Instead Oliver and or his fellow
officers placed the plaintiff in handcuffs, arrested him without probable
cause and transported him to the Westport Police Station.

15. Thereafter, Defendant Oliver caused the plaintiff to take a
Breathalyzer test which a resulted in a reading of 01. (See attached
results of Breathalyzer test attached hereto and made a part hereof and
incorporated herein by reference as Exhibit B.

16. Oliver next informed the plaintiff that he was now under
arrest for disturbing the peace at approximately 7:30 P.M. and placed the
plaintiff in a holding cell in the Westport police station. This arrest
was without probable cause.

17. The plaintiff demanded to be released immediately on his
personal recognizant but Oliver told him he must wait for the Clerk of

court to release him. The police never called the clerk.

18. The Plaintiff was held in a cell at the Westport Police Station from approximately 7:00 P.M. to approximately 3:30 A.M. before the Clerk released him.

19. The next day April 11, 2001 the Plaintiff pleaded not guilty to one count of Disturbing the Peace, in the Fall River District Court.

20. After a Trial before a judge the Plaintiff was found NOT GUILTY OF DISTURBING THE PEACE.

21.  Consequently, due to the plaintiff's position on the Town's Finance Committee the nature of the criminal charges generated an inordinate amount of publicity in local media outlets.  Much of this publicity was negative in its tone and as such, biased against the plaintiff.

22.  Following the Not Guilty finding of the Court, the Plaintiff and his attorney met with the Selectmen and attempted to resolve the matter. The Selectmen and the then Police Chief Michael Healy refused to resolve the matter.

23, The defendants, issued a statement, which was printed in local newspapers, proclaiming the plaintiff was guilty of the various offenses to which he was charged despite his acquittal.  This knowingly false statement was defamatory and slanderous.

24.  Through the negligent actions of the aforementioned defendants which falsely accused, imprisoned and maliciously prosecuted the plaintiff, in addition to the defamatory and slanderous utterances the plaintiff suffered extreme emotional distress and embarrassment in the local community where he lives and where he is a member of the Town's Finance Committee. The Plaintiff was caused to suffer public indignity, humiliation and damage to his character and reputation.

25.   The acts alleged above were committed either on the instruction of defendants Town of Westport, The Selectmen of the Town of Westport, Michael Healy, Officer Todd Oliver, Officer Keith Pelletier, Stuart Kirkaldy, Stephen Ouellette, with the knowledge and consent of these defendants, or were thereafter approved and ratified by these defendants, in concert with the others, acted under pretense and color of law and

26.   Each of the named defendants acted individually and in in their official capacity, but such acts were beyond the scope of their jurisdiction and without authorization of law.  Each defendant, individually and in concert with the others, acted willfully, negligently, knowingly, and with specific intent to deprive the plaintiff of his right to freedom from unlawful arrest, detention and imprisonment, all of which rights are secured to plaintiff by the Fourth, Sixth and Fourteenth Amendments to the Constitution of the United States, and by Title 42, U.S.C. sec. 1983 and 1988 in addition to those civil rights guaranteed to the plaintiff as set forth in M.G.L.A. Ch. 12 section 111.

27. The plaintiff through his attorney has given notice of his intent to bring this action on May 30, 2002 as provided by M.G.L.A. Chapter 258 sec 4 a copy of said notice is attached and marked as Exhibit "C"

## COUNT I FALSE IMPRISONMENT

(vs. Keith Pelletier as a Town of Westport Police Officer)

28.   Plaintiff restates those allegations contained in paragraphs one through twenty-seven respectively, incorporating the same herein by reference.

29.   Defendant Pelletier in his official capacity as a

Westport Police Officer, did negligently, knowingly engage in conduct whereby the plaintiff was falsely imprisoned thereby causing damage to plaintiff.

WHEREFORE, plaintiff John J. Baughan requests judgment against defendant Keith Pelletier in his official capacity as a Westport Police Officer for damages, plus interest, costs, attorneys fees and such other relief deemed just and proper.

## COUNT II FALSE DETENTION

(vs. Keith Pelletier, as police officer

30. Plaintiff restates those allegations contained in paragraphs one through twenty-seven respectively, incorporating the same herein by reference.

31. Defendant Pelletier in his official capacity as a Westport police officer, did negligently, knowingly engage in conduct whereby the plaintiff was falsely detained, thereby causing damage to the plaintiff.

WHEREFORE the Plaintiff John J. Baughan request judgment against the defendant Keith Pelletier in his official capacity as a Westport police officer for damages, plus interest and costs, attorney fees and such other relief deemed just and proper.

### COUNT III MALICIOUS PROSECUTION

#### V. Keith Pelletier as police officer

32. Defendant Pelletier negligent actions in effectuating and assisting in the arrest and the detention of the plaintiff exceeded his lawful authority as a Police Office for the Town of Westport. These actions of defendant Pelletier caused the plaintiff to be maliciously prosecuted thereby resulting in damages.

WHEREFORE, plaintiff John J. Baughan requests judgment against defendant Keith Pelletier as a police officer for damages plus interest, costs, attorneys fees, and such other relief deemed just and proper.

## COUNT IV LIBEL AND SLANDER

### (vs. Keith Pelletier as police officer)

33. Plaintiff restates those allegations contained in paragraphs one through twenty-seven respectively, incorporating the same herein by reference.

34. Defendant in his official capacity as a Westport Police Officer did negligently, knowingly engage in conduct whereby the plaintiff was libeled and slandered, thereby causing damage to plaintiff.

WHEREFORE, plaintiff John J. Baughan request judgment against Keith Pelletier in his official capacity as a Westport Police Officer for damages, plus interest, cost, attorney fees and such other relief deemed just and proper.

## COUNT V EMOTIONAL DISTRESS

( VS. Keith Pelletier as a Town of Westport Police Officer)

35. Plaintiff restates those allegations contained in paragraph one through twenty-seven respectively, incorporating the same herein by reference.

36. Defendant Pelletier in his official capacity as a Westport Police Officer, did negligently, knowingly engage in conduct whereby the plaintiff was

caused to suffer great emotional distress, thereby causing damage to the plaintiff.

WHEREFORE, plaintiff John J. Baughan, request judgment against defendant Keith Pelletier in his official capacity as a Westport Police Officer for damages, plus interest, costs, attorneys fees and such other relief deemed just and proper.

## COUNT VI FALSE IMPRISONMENT

(vs. Todd Oliver as a Town of Westport Police Officer)

37.  Plaintiff restates those allegations contained in paragraphs one through twenty-seven respectively, incorporating the same herein by reference.

38.  Defendant Oliver, in his official capacity as a Westport Police Officer, did negligently, knowingly engage in conduct whereby the plaintiff was falsely imprisoned and detained thereby causing damages to the plaintiff.

WHEREFORE, requests judgment against defendant Todd Oliver in his official capacity as a Westport Police Officer for damages plus interest, costs, attorney's fees and such other relief deemed just and proper.

## COUNT VII FALSE DETENTION

### V. Todd Oliver as Town of Westport police officer

39. Plaintiff restates those allegations contained in paragraphs one through twenty-seven respectively, incorporating the same herein by reference.

40. Defendant Oliver, in his official capacity as a Westport police officer, did negligently, knowingly engage in conduct whereby the plaintiff was

falsely detained thereby causing damages to the plaintiff.

WHEREFORE, the Plaintiff request judgment against defendant Todd Oliver in his official capacity as a Westport Police officer for damages plus interest , cost, attorney fees and such other relief deemed just and proper.

## COUNT VIII MALICIOUS PROSECUTION

(vs. Todd Oliver, as a Town of Westport Police Officer)

41.   Plaintiff restates those allegations contained in paragraphs one through twenty-seven respectively, incorporating the same herein by reference.

42.   Defendant Oliver's negligent actions in effectuating the arrest and detention of the plaintiff exceeded his lawful authority as a Police Officer for the Town of Westport. These actions of the defendant Oliver caused the plaintiff to br maliciously prosecuted thereby resulting in damages

WHEREFORE, plaintiff John J. Baughan requests judgment against defendant Todd Oliver, in his official capacity as a Westport Police Officer for damages plus interest, costs, attorneys fees and such other relief deemed just and proper.

## COUNT IX LIBEL AND SLANDER

(vs. Todd Oliver as a Westport Police Officer)

43. Plaintiff restates those allegations contained in paragraph one through twenty-seven respectively, incorporating the same herein by reference.

44. Defendant Oliver in his official capacity as a Westport Police Officer, did engage in negligent conduct whereby the plaintiff was libeled and slandered, thereby causing damage to the plaintiff.

WHEREFORE, the plaintiff John J. Baughan request judgment against the defendant Todd Oliver in his official capacity as a Westport Police Officer for damages, plus interest, costs, attorneys fees and such other relief deemed just and proper.

## COUNT X EMOTIONAL DISTRESS

(VS. Todd Oliver as a Town of Westport Police Officer)

45. Plaintiff restates those allegations contained in paragraph one through twenty-seven respectively, incorporating the same herein by reference.

46. Defendant Oliver in his official capacity as a Westport Police officer, did negligently, knowingly engage in conduct whereby the plaintiff was caused to suffer emotional distress, thereby causing damages to the plaintiff.

WHEREFORE, plaintiff John J. Baughan request judgment against defendant Todd Oliver in his official capacity as a Westport Police Officer for damages, plus interest, costs, attorneys fees and such other relief deemed just and proper.

## COUNT XI FALSE IMPRISONMENT

(vs. Francois Napert as a Town of Westport Police Officer)

47. Plaintiff restates those allegations contained in paragraphs

one through twenty-seven respectively, incorporating the same herein by reference.

48.   Defendant Napert, in his official capacity as a Town of Westport Police Officer did negligently, knowingly engage in conduct whereby the plaintiff was falsely imprisoned and detained thereby causing damage to the plaintiff.

WHEREFORE, plaintiff John J. Baughan requests judgment against defendant Francois Napert in his official capacity as a Westport police officer for damages, plus interest, costs, attorneys fees and such other relief deemed just and proper.

### COUNT XII FALSE DETENTION

### v.   Francois Napert as a Westport police officer

49. Plaintiff restates those allegations contained in paragraphs one through twenty-seven respectively, incorporating the same herein by reference.

50. Defendant Napert, in his official capacity as a Westport police officer, did negligently, knowingly engage in conduct whereby the plaintiff was falsely detained thereby causing damages to the plaintiff.

WHEREFORE, the plaintiff request judgment against the defendant Napert in his official capacity as a Westport police officer for damages plus interest, cost, attorney's fees and such other relief deemed just and proper.

### COUNT XIII MALICIOUS PROSECUTION

(vs. Francois Napert as a Town of Westport Police Officer).

51.   Plaintiff restates those allegations contained in paragraphs

one through twenty-seven respectively, incorporating the same herein by reference.

52.   Defendant Napert's negligent actions in effecting and or assisting in the arrest of the plaintiff exceeded his lawful authority as a police officer for the Town of Westport. These actions of the defendant Napert caused the plaintiff to be maliciously prosecuted, thereby causing damages to plaintiff.

WHEREFORE, plaintiff John J. Baughan requests judgment against defendant Francois Napert, in his official capacity as a Westport Police Officer for damages plus interests, costs, attorneys fees and such other relief deemed just and proper.

## COUNT XIV LIBEL AND SLANDER

### (vs. Francois Napert as a Town of Westport Police Officer)

53. Plaintiff restates those allegations contained in paragraph one through twenty-seven respectively, incorporating the same herein by reference.

54. Defendant Napert in his official capacity as a Westport Police Officer' did negligently, knowingly engage in conduct whereby the plaintiff was libeled and slandered, thereby causing damage to plaintiff.

WHEREFORE, plaintiff John J. Baughan request judgment against Francois Napert in his official capacity as a Westport Police Officer for damages, plus interest, cost, attorney fees and such other relief deemed just and proper.

## COUNT XV EMOTIONAL DISTRESS

( VS. Francois Napert as a Town of Westport Police Officer).

55. Plaintiff restates those allegations contained in paragraph one through twenty-seven respectively, incorporating the same herein by reference.

56. Defendant Napert in his official capacity as a Westport Police Officer, did negligently, knowingly engage in conduct whereby the plaintiff was caused to suffer emotional distress, thereby causing damage to plaintiff.

WHEREFORE, plaintiff John J. Baughan request judgment against defendant Francois Napert in his official capacity as a Westport Police Officer for damages, plus interest, costs, attorney fees, and such other relief deemed just and proper.

## COUNT XVI FALSE IMPRISONMENT AND FALSE

( vs. Scott Arrington  as police officer of the Town of Westport)

57.  Plaintiff restates those allegations contained in paragraphs one though twenty-seven respectively, incorporating the same herein by reference.

58.  Defendant Arrington in his official capacity as a Westport Police Officer, did negligently, knowing engage in conduct whereby the plaintiff was falsely imprisoned and detained thereby causing damages to the plaintiff.

WHEREFORE, plaintiff John J. Baughan requests judgment against defendant Scott Arrington in his official capacity as a Westport police officer for damages plus interest, costs, attorney's fees and such other

relief deemed just and proper.

## COUNT XVII FALSE DETENTION

V. Scott Arrington as a Westport police officer

59. Plaintiff restates those allegations contained paragraphs in one through twenty-seven respectively, incorporating the same herein by reference.

60. Defendant Arrington in his official capacity as a Westport police officer, did negligently, knowingly engage in conduct whereby the plaintiff was falsely detained therby causing damages to the plaintiff.

WHEREFORE, the plaintiff John J. Baughan request judgment against defendant Scott Arrington in his official capacity for damages plus interest, cost, attorney's fees and for such other relief deemed just and proper.

## COUNT XVIII MALICIOUS PROSECUTION
(vs. Scott Arrington, as a Town of Westport Police Officer)

61. Plaintiff restates those allegations contained in paragraphs one through twenty-seven respectively, incorporating the same herein by reference

62. Defendant Arrington's negligent actions in effectuating the arrest and detention of the Plaintiff exceeded his lawful authority as a Police Officer for the Town of Westport. These actions of the defendant Arrington caused the Plaintiff to be maliciously prosecuted thereby resulting in damages.

WHEREFORE, plaintiff John J. Baughan requests judgment against defendant Scott Arrington in his official capacity as a Westport Police Officer for damages plus interest, cost, attorneys fees, and such other relief deemed just and proper.

.

## COUNT XIX LIBEL AND SLANDER

(vs. Scott Arrington as a Town of Westport Police officer)

63. Plaintiff restates those allegations contained in paragraphs one through twenty-seven respectively, incorporating the same herein by reference.

64. Defendant Arrington in his official capacity as a Westport Police Officer, did negligently, knowingly engage in conduct whereby the plaintiff was Libeled and slandered, thereby causing damage to plaintiff.

WHEREFORE. Plaintiff, John J. Baughan requests judgment against defendant Scott Arrington in his official capacity as a Westport Police Officer for damages, plus interest, costs, attorneys fees and such other relief deemed just and proper.

## COUNT XX EMOTIONAL DISTRESS

(vs. Scott Arrington as a Town of Westport Police Officer)

65. Plaintiff restates those allegations contained in paragraphs one through twenty-seven respectively, incorporating the same herein by reference.

66. Defendant Arrington, in his official capacity as a Westport Police Officer, did negligent, knowingly and intentionally engage in conduct whereby the plaintiff was caused to suffer emotional distress thereby causing damage to plaintiff

WHEREFORE, plaintiff John J. Baughan requests judgment against defendant Scott Arrington in his official capacity as a Westport Police Officer for damages plus interest, costs, attorneys fees and such other relief deemed just and proper.

## COUNT XXI FALSE ARREST, FALSE DETENTION, MALICIOUS PROSECUTION, LIBEL & SLANDER& EMOTIONAL DISTRESS

(vs. Michael R. Healy as Westport Police Chief)

67.   Plaintiff restates those allegations contained in paragraphs one through twenty-seven respectively, incorporating the same herein by reference.

68.   Defendant Healy in his official capacity as Westport Police Chief, owed the plaintiff a duty to protect him in upholding the laws of the Commonwealth and the United States.

69.   Defendant Healy breached this duty to the plaintiff through his negligent training and/or supervision of the defendants Pelletier, Oliver, Napert and Arrington, thereby causing the Plaintiff to be falsely imprisoned, falsely detained, slandered and libeled, maliciously prosecuted and suffer emotional distress.  As a result of^ defendant Healy's negligence the plaintiff was injured and incurred damages.

WHEREFORE, plaintiff John J. Baughan. requests judgment against the defendant Michael R. Healy in his official capacity as Westport Police Chief for damages plus interest, costs, attorneys fees and such other relief deemed just and proper

## COUNT XXII FALSE IMPRISONMENT, FALSE DETENTION, MALICIOUS PROSECUTION, LIBEL & SLANDER, & EMOTIONAL DISTRESS.

(vs. Town of Westport)

70.   Plaintiff restates those allegations contained in paragraphs one through twenty-seven respectively, incorporating the same herein by reference.

71.   Defendant Town of Westport, through the actions of its Agents, servants, employees, and/or independent contractors either instructed or thereafter ratified and/or approved actions of the Westport Police in their negligent, willful, knowing and intentional deprivation of the plaintiff s rights to freedom from unlawful arrest, detention and imprisonment, all of which are secured to him by the Fourth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42, U.S.C. section 1983, in addition to those rights guaranteed to the plaintiff as set forth in M.G.L.A. Ch. 12 section 111.

72.   Defendant Town of Westport in its failure to instruct, train and supervise its Police Chief, Police Officers caused the Police Officers to engage in negligent, intentional conduct so as to cause the plaintiff to suffer false imprisonment, false detention, malicious prosecution, slander and libeled and emotional distress whereby the plaintiff was damaged.

73.   The aforesaid actions of the defendant Town of Westport carried out through its agents, servants, employees and/or independent contractors resulted injury to the plaintiff whereby he incurred damages.

WHEREFORE, plaintiff John J. Baughn requests judgment against defendant Town of Westport for damages plus interest, costs, attorney's fees and such other relief deemed just and proper.

## COUNT XXIII FALSE IMPRISONMEMT AND FALSE

## DETENTION.

(vs. Stuart Kirkaldy, and Stephen Ouelette as town of Westport Selectman and police commissioners)

74.  Plaintiff restates those allegations contained in paragraphs one through twenty-seven respectively, incorporating the same herein by reference.

75.  Defendant, Selectmen of the Town of Westport in their official capacity as Selectmen and police commissioners of the Town of Westport, either instructed or thereafter ratified and/or approved the actions of the Westport Police in their negligent, willful, knowing and intentional deprivation of the plaintiff's rights to freedom from unlawful arrest, detention and imprisonment, all of which rights are secured to him by the Fourth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42, U.S.C. n 1983 and 1988, in addition to those rights guaranteed to the plaintiff as set forth in M.G.L.A. Ch.12, section 111.

76.  Defendants, selectmen and police commissioners of the Town of Westport failure to supervise and train the officers of the Westport Police Department caused the officers of the police department to engage in intentional conduct so as to cause the plaintiff to suffer malicious prosecution, libel and slander, and emotional distress whereby the plaintiff suffered damages.

77. Defendants official actions in this regard resulted in injury to the plaintiff whereby he incurred damages.

WHEREFORE, plaintiff John J. Baughan  requests judgment against

defendants, in their official capacity as Westport selectman for damages plus interest, costs, attorneys fees and such other relief deemed just and proper.

## JURY DEMAND

Plaintiff demands a Trial by Jury on all Counts and issues raised herein.  Dated July 12,2004

By his Attorneys,

Emile E. Morad Esquire
460 County Street,
New Bedford, Massachusetts 02740
Telephone 508 997-0001
BBO 353-420

## CERTIFICATE OF SERVICE

I, Emile E. Morad certify the I have caused a copy of the above amended Complaint to be served on Jonathan M. Silverstein Esquire, attorney for the Defendants by mailing a copy postage prepaid to his office located at 31 St. James Avenue, Boston, Ma. 02116-4102.

Dated July 12, 2004

Emile E. Morad Esquire

OFFICER'S NARRATIVE REPORT

*Exhibit "A"*

Reference: 01-87-AR
Officer: PTL. TODD C OLIVER

On Tuesday, April 10, 2001 at 6:50pm I was traveling east on Charlotte White Road approaching Main Road. As I neared the four way stop sign in this area I noticed a red Ford pick up truck traveling north on Main Road. This vehicle did not come to a complete stop at the stop sign, it rolled through. As this vehicle, bearing MA registration 2182HJ, passed to my left on Main Road I noticed the registration sticker was expired.

I got behind this vehicle and activated my marked cruiser's emergency lights and the vehicle pulled over to the side of the road. I asked the operator for his driver's license and the vehicle's registration. I informed the operator, John J. Baughan (DOB 05/16/28, SS# 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), that I stopped him because he didn't stop at the stop sign and that his registration sticker was expired.

Through my cellular phone, because my portable radio wasn't working I had dispatcher Andrade run a computer query on the vehicle and operator. Dispatcher Andrade informed me that the registration was expired. I finished filling out Mr Baughan's citation and I went back to his vehicle. I informed him that his vehicle's registration was expired and that the vehicle would need to be towed. Mr Baughan started arguing with me, saying that it wasn't expired and that he was just going to the town meeting and that he was going to leave. I told him that in the MA registry the vehicle was expired. I asked him if he had AAA, to tow the vehicle. He said he did have AAA and I told him that Brayton's would be towing the vehicle. He continued to argue with me about the registration and asked me how long I had been working as a police officer. I again told him that Brayton's would end up towing his vehicle and I went back to my cruiser to let the dispatcher know about the tow.

As I walked backed to my cruiser, Mr Baughan got out of his vehicle and started walking towards me. I told him to get back in his truck several times, but he continued to walk towards me. As I was standing behind my cruiser's open driver's door, Mr Baughan was almost to my cruiser's front bumper. I again told him to get back into his vehicle. He told me, "I'm not going to listen to anything you say". Mr Baughan then grabbed my cruiser's driver's door and opened it all the way, it had been only half way open. He continued to argue with me, while he stood just about in the middle of Main Road. He started to raise his voice and traffic slowed because there was only one lane of travel open. I informed Mr Baughan that if he didn't go back to his vehicle that he would be arrested for disorderly conduct.

As I spoke with Mr Baughan I noticed a slight order of alcohol from his breath. As he continued to argue with me I sat in my cruiser and closed the driver's door. Mr Baughan then opened the cruiser's driver's door and continued arguing in a raised voice. I closed my cruiser's driver's door again. Just as soon as I closed it, he opened it again still arguing with me. I closed my cruiser's door and locked it and called dispatcher Andrade so that Sgt Pelletier could respond to my location. As I was talking with the dispatcher, Mr Baughan stood in the middle of Main Road still arguing with me.

Mr Baughan then began to walk towards his vehicle. I got out of my cruiser to see what he was going to do. He then opened his vehicle's door and reached inside. He then started to walk back to my cruiser and I told him to stay with his vehicle. He continued towards me and as he got to my cruiser's bumper I sat back inside. As he stood in the roadway he continued to argue with me, but I couldn't understand what he was saying. He tried to open my cruiser's door again, but I grabbed the handle and kept the door closed. Mr Baughan then lifted up my cruiser's left windshield wiper and put his vehicle's key under them. He then started to walk away and got about 200 feet when Sgt Pelletier and Officers Napert and Arrington arrived on the scene. Officer Napert brought Mr Baughan back to



Westport Police Department
OFFICER'S NARRATIVE REPORT  *EXIBIT*

"*A*"

Reference: 01-87-AR
Officer: PTL. TODD C OLIVER

Page: 2
04/10/200

my location, while I spoke with Sgt Pelletier.

I asked Mr Baughan if he had been drinking tonight and he told me that he had nothing to say to me and refused to do any field sobriety tests. Due to the fact that he was uncooperative, had violent mood swings and the smell of alcohol on his breath, these being consistant with a person under the influence I then placed Mr Baughan under arrest for disorderly conduct and operating under the influence of alcohol.

I transported Mr Baughan to the Westport Police Station where he was booked in by Sgt Pelletier. He was advised of his rights under C263 S5A and allowed to make a phone call. Mr Baughan agreed to take a Breathalizer test to determine his blood alcohol level. The results of this test were both .01 with the calibration check at .15. He did say that he had one drink at Abraham Manchester's at 6:30pm. After the booking process he was then placed in cell #1.

Mr Baughan was arrested for disorderly conduct and given citation #K0655392 for C90 S9 - expired registration and C89 S9 - stop sign violation. His vehicle was towed by Brayton's to their facility. The videotape of the booking process was logged into evidence with evidence #2877.

Signed Under The Pains And Penalties Of Perjury

Officer Todd Oliver

EXHIBIT
" B "

```
↑ 501  THIS SIDE UP. THIS EDGE IN. FORM NUMBER 015010            ↑

     CMI INC
     INTOXILYZER - ALCOHOL ANALYZER
     MA MODEL 5000        SN 64-001358
     04/10/00

     TEST              %BAC           TIME
     AIR BLANK          .00          19:55
     SUBJECT TEST       .01          19:56
     AIR BLANK          .00          19:56
     CAL. CHECK         .15          19:57
     AIR BLANK          .00          19:57
     SUBJECT TEST       .01          19:58
     AIR BLANK          .00          19:58
```

JOAN J. BAUGHAN
SUBJECTS NAME

6:5P                    NEWPORT  P.D.
TIME FIRST OBSERVED                    INSTRUMENT LOCATION

OLIVER
OPERATOR

ADDITIONAL INFORMATION AND/OR REMARKS

Law Office Of
# EMILE E. MORAD

Morad Building
460 County Street
New Bedford, Massachusetts 02740

EMILE E. MORAD

TELEPHONE
997-0001
AREA CODE 508

TELEFAX
997-3333
AREA CODE 508

VIA HAND DELIVERY

May 30, 2002

SELECTMEN- SELECTWOMEN TOWN OF WESTPORT
TOWN OF WESTPORT
915 Main Road
Westport Ma. 02790

RE: Mr. John J. Baughan vs. Town Of Westport

Dear Sir/Ms.:

   Kindly be advised that my office has been retained by John J. Baughan of Westport, who gives notice of his demand for relief under Massachusetts General Laws Chapter 258 against the Town of Westport hereinafter referred to as the (Town) for wrongful acts and omissions of its employees, members of the Westport Police Department hereinafter referred to as (the police), which led to his arrest and wrongful detention and a series of incidents and newspaper articles in local newspapers, as a result of which my client suffered damages. The employees whose acts and omissions caused my client harm are:

1. Police Chief Michael Healy
2. Sgt. Keith Pelletier.
3. PTL. Todd Oliver
4. PTL. Francois Napert
5. Selectman Stewart Kirkaldy
6. Selectmen Charles Costa.
7. Selectmen Russel l Hart
8. Selectwomen Majorie Holden
9. Former Selectman James Long

   As a direct result of the town's negligence and otherwise wrongful failure to properly train and or supervise its employees, Chief Healy and other members of the police department, embarked on a course of conduct which included but not limited to, intimidation,, defamation of character, wrongful detention, false arrest and inflicting emotional distress both physical and mental upon my client.

   This wrongful conduct was wrongful arrest and wrongful detention of my client on or about April 10, 2001. Both of these incidents were not based on any probable cause and were malicious intended to discredit and defame my client's good reputation as an outstanding member of his community and his respect and credibility as a member of the finance committee in the Town of Westport. .

   The failure of the town to properly train and supervise the police in the appropriate response to circumstances as those described above amounts to conduct which are actionable against the town and its employees, as employees and individuals. As a direct result of the town and police negligence and otherwise wrongful acts or omissions, Mr. Baughan suffered great pain, humiliation, mental anguish, loss of personal liberty, mental and physical distress, damage to his reputation in the community and great legal expense. Mr. Baughan was found NOT GUILTY of all the charges against him after trial.

THEREFORE, Mr. Baughan demands compensation in the amount of Two Hundred Thousand Dollars, ($200,000.00) , and is willing to accept this amount in settlement of all his claims against the town and its employees ,the police. This amount is proposed for settlement purpose only and in should in no way be construed as a limitation on the town's liability or on the value of damages actually suffered .

In the event a satisfactory resolution is not reached Mr. Baughan will file a civil complaint in court against the town and its employees, the police. I am prepared to discuss a prompt resolution to this matter and I look forward to hearing from you or your representative.

cc.

Chief Michael Healy
Sgt Keith Pelletier
PTL. Todd Oliver
PTL Francoise Napert
Adm. Ass. Jack Dolan
Charles Costa Chairman Westport Board of Selectmen.

Respectively submitted.

Emile E. Morad Esquire