UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04CV1704RWZ

JOHN J. BAUGHAN,

    Plaintiff

v.

TOWN OF WESTPORT, KEITH PELLETIER, TODD OLIVER, FRANCOIS NAPERT, SCOTT ARRINGTON, MICHAEL R. HEALY, STUART KIRKALDY, and STEPHEN OUELLETTE,

    Defendant

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6)

I.    INTRODUCTION

This action arises from the investigatory stop and subsequent arrest of plaintiff John J. Baughan ("Baughan") by police officers for the Town of Westport ("Town"). The plaintiff's Amended Complaint ("Complaint"), which consists of 23 counts, asserts claims against police officers Keith Pelletier ("Pelletier"), Todd Oliver ("Oliver"), Scott Arrington ("Arrington") and Francois Napert ("Napert"), police chief Michael R. Healy ("Healy"), Selectmen Stuart Kirkaldy ("Kirkaldy") and Stephen Ouellette ("Ouellette"), and the Town. All individual defendants are sued in their official capacities only.

The defendants move, pursuant to Fed.R.Civ.P. 12(b)(6), for dismissal of all claims against them, on the grounds that the Complaint fails to state a claim upon which relief may be granted. Specifically: (1) Counts I-XXI and XXIII, asserting claims against the individual defendants, should be dismissed because they are pled against these defendants in their official capacities only and, as such, are duplicative of the claims pled against the Town; (2) Count

XXII, asserting claims against the Town, should be dismissed for the following reasons: (a) the Town is immune to plaintiff's intentional tort claims and claims pled pursuant to G.L. c. 12, §§H-I, the Massachusetts Civil Rights Act; (b) plaintiff's vicarious claims of negligence against the Town, based on the allegedly wrongful conduct of its employees, are impossible to establish; and (c) plaintiff's municipal liability claims fail because (i) plaintiff cannot prove his underlying civil rights claims, and (ii) the Complaint does not allege facts which could provide the basis for a finding of municipal liability.

II   RELEVANT FACTS AS PLED IN THE COMPLAINT[1]

1. On the evening of April 10, 2001, Baughan was operating a motor vehicle with an expired registration. Complaint, ¶12.

2. At approximately 6:50 p.m. that evening, Baughan's vehicle proceeded past a Stop sign without stopping. Complaint, ¶12.

3. Based on the above-described motor vehicle infractions, Officer Oliver stopped Baughan's vehicle. Complaint, ¶12.

4. After stopping plaintiff's vehicle, Oliver arrested plaintiff for driving under the influence of alcohol "based upon his observations." Complaint, ¶¶13, 14. These observations included an odor of alcohol on plaintiff's breath, and plaintiff's uncooperative behavior and violent mood swings. Complaint, Exhibit A, ¶7.

5. Baughan had had a drink shortly before being stopped by Oliver. Complaint, ¶14.

---

[1] The facts recited herein are taken from the averments of the Complaint and the police report on the incident underlying plaintiff's claims, which is attached to the Complaint. The police report is considered part of the Complaint, and may properly be considered on this Rule 12(b)(6) motion. See Fed. R. Civ. P. 10(c); O'Brien v. DiGrazia, 544 F.2d 543, 545 n.1 (1st Cir. 1976). The facts recited in the Complaint are accepted as true for the purposes of this motion only. See Coyne v. Somerville, 972 F. 2d 440 (1st Cir. 1992).

2

6.  Oliver brought the plaintiff to the police station, where the plaintiff passed a breathalyzer test. Complaint, ¶15.

7.  Plaintiff was held at the Westport police station on a charge of disorderly conduct from 7:00 p.m. until 3:30 a.m. Complaint, ¶18.

8.  Following a trial, plaintiff was acquitted of Disorderly Conduct. Complaint, ¶20.

III. ARGUMENT

A.  Motion to Dismiss Standard

On a Rule 12(b)(6) motion to dismiss, the reviewing court construes well-pleaded material allegations of the complaint as admitted, Walker Process Equip. v. Food Mach. & Chem. Corp., 382 U.S. 172 (1976), and all reasonable inferences are drawn in the plaintiff's favor. Wagner v. Devine, 122 F.3d 53, 58 n.2 (1st Cir. 1997). The court is not bound, however, to accept as true conclusions of law or unwarranted deductions of fact. See Washington Legal Foundation v. Massachusetts Bar Foundation, 993 F.2d 962, 971 (1st Cir. 1993).

B.  Counts I-XXI and XXIII, Asserting Claims Against the Individual Defendants in Their Official Capacities, Should Be Dismissed Because They Are Duplicative Of Claims Against The Town

Counts I through XXI and XXIII assert claims against defendants Pelletier, Oliver, Napert, and Arrington, in their official capacities as police officers for the Town, against Healy in his official capacity as Chief of Police for the Town, and against Kirkaldy and Ouellette in their official capacities as Selectmen for the Town. Complaint, ¶¶5-10. These claims should be dismissed because a suit against a municipal official in his official capacity is the equivalent of a suit against the municipality itself. See, e.g., Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985) ("an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); Febus-Rodriguez v. Betancourt-Lebron, 14 F.3d 87, 91 n.3 (1st Cir.

3

1994) ("an official capacity suit is, in reality, a suit against the governmental entity, and not against the governmental actor"); Porter v. Treasurer and Collector of Taxes of Worcester, 385 Mass. 335, 343, 431 N.E.2d 934 (1982) ("the suit for injunctive relief brought against the city's tax collection officials was, for all practical purposes, brought against the city"). As the Town itself is a defendant in this action – indeed, the claims pled against the Town are identical to those pled against the individual municipal officials, Complaint, ¶¶70-73 – the separate claims against the individual defendants are duplicative and should be dismissed.

C.  Count XXII, Asserting Claims Against the Town, Should Be Dismissed

Count XXII asserts claims for false imprisonment, false detention, malicious prosecution, libel and slander, and emotional distress against the Town, purportedly pursuant to 42 U.S.C. §1983 and G.L. c. 12, §11H-I, the Massachusetts Civil Rights Act ("MCRA"). As described in detail below, each of these claims should be dismissed for failure to state a claim upon which relief may be granted.

1.  The Town is Immune from Liability for Claims of Intentional Torts, and Claims Brought Pursuant to the MCRA

Plaintiff's claims against the Town for the intentional torts of false imprisonment, malicious prosecution, libel and slander, and intentional infliction of emotional distress should be dismissed because a municipality is immune from liability for the intentional torts of its employees. See Massachusetts Tort Claims Act, G.L. c. 258, §10(c) (public employers are immune from "any claim arising out of an intentional tort, including ... false imprisonment ... intentional mental distress, malicious prosecution ... libel, slander ..."); see also Swanset Development Corp. v. City of Taunton, 423 Mass. 390, 397, 668 N.E.2d 333, 338 (1996).

Moreover, all claims pled against the Town pursuant to the MCRA should be dismissed because "under Massachusetts law a municipality cannot be sued under the MCRA." Kelley v.

4

LaForce, 288 F.3d 1, 11 n.9 (2002) (citing Howcroft v. Peabody, 51 Mass.App.Ct. 573, 591-92, 747 N.E.2d at 744 (2001) (concluding that a municipality is not a "person" who may be held liable pursuant to the MCRA).[2] Therefore, plaintiff's claims of intentional torts, and all claims brought pursuant to the MCRA, are barred and should be dismissed.

2. Plaintiff's Negligence Claims Are Impossible to Establish

Plaintiff asserts vicarious claims of negligence against the Town, arising from the allegedly "negligent, willful, knowing and intentional" conduct of its individual officials. Complaint, ¶71. The plaintiff's negligence claim cannot succeed because it is clearly predicated upon claims that the Town's police officers committed intentional torts and civil rights violations. This Court should "look not to the theory upon which the plaintiff elects to proceed, but rather to the substance of the claim which he asserts," and dismiss plaintiff's claims as impossible to establish. Schenker v. Binns, 18 Mass.App.Ct. 404, 406-407, 466 N.E.2d 131 (1984); see also, e.g., Spring v. Geriatric Auth. of Holyoak, 394 Mass. 274, 291, 475 N.E.2d 727, 738 (1985) ("Simply placing a new label on the same cause of action will not change the outcome reached on the plaintiff's other counts"); Tivnan v. Registrar of Motor Vehicles, 40 Mass.App.Ct. 96, 101, 734 N.E.2d 1182, 1186 (2000) (plaintiff "cannot avoid the requirements and limitations of the Tort Claims Act by couching under another legal theory what is essentially a claim for the wrongful act of a public employer"); Johnston v. Stein, (in assessing applicability of immunities under Massachusetts Tort Claims Act, court will "look to the substance, not the legal theory adopted" by the plaintiff").

---

[2] Plaintiff's MCRA claims are also deficient because the plaintiff has not alleged a violation of his rights by means of "threats, intimidation or coercion." See G.L. c.12, §§11H-I; Longval v. Commissioner of Corrections, 404 Mass. 325, 333, 535 N.E.2d 588, 593 (1989) (holding that direct constitutional deprivation does not establish MCRA claim); Layne v. Superintendent, Massachusetts Correctional Institution, Cedar Junction, 406 Mass. 156, 158, 546 N.E.2d 166, 168 (1989) (same).

5

Plaintiff alleges intentional, unconstitutional conduct by the Westport officers for false arrest and/or an unlawful stop.[3] A finding that the officers did not violate their Fourth Amendment duty to not unlawfully arrest or stop the plaintiff would <u>necessitate</u> a finding that the officers did not breach their duty to act reasonably toward the plaintiff, and thus preclude a finding that the officers were negligent toward the plaintiff. See, e.g., Joyce v. Town of Tewksbury, 112 F.3d 19, 22 (1st Cir.1997) ("the ultimate touchstone [of the Fourth Amendment] is one of reasonableness"). This Court and others have rejected attempts to cast what is essentially a claim for negligence in terms of an intentional tort in order to escape the immunity accorded individual public employees under the Tort Claims Act. See Foster v. McGrail, 844 F.Supp. 16, 25 (D.Mass. 1994) (Keeton, J.) (rejecting plaintiff's claim for battery where facts established only negligent, not intentional, conduct); Schenker, 18 Mass.App.Ct. at 406-407, 466 N.E.2d 131 (same).

Defendants submit that Baughan should not be permitted to do the opposite: that is, cast his claim of intentional, civil rights violations by the officers in terms of negligence, in order to escape the immunity accorded the Town for intentional tort claims under G.L. c. 258, §10(c). It would define logic for the plaintiff to suggest that the named officers "negligently" defamed him or "negligently" maliciously prosecuted him. Since the Complaint contains repeated allegations of intentionally tortious conduct and civil rights violations, the plaintiff cannot credibly argue that the very same conduct comprises actionable negligence. Therefore, it is clear that the Complaint is actually premised upon claims of intentional acts for which the Town is immune, and plaintiff's claims for vicarious negligence should be dismissed.

3. Plaintiff's Claims for Municipal Liability Should Be Dismissed

---

[3] Defendants note that plaintiff also invokes the Sixth Amendment in Count XXII. There are no allegations in the Complaint, however, that would give rise to a Sixth Amendment violation.

Plaintiff further seeks to hold the Town liable pursuant to 42 U.S.C. § 1983 for the alleged unconstitutional conduct of its police officers on the theory that the Town (1) failed to adequately train and supervise the officers; and (2) "ratified" the officers' allegedly unconstitutional conduct. Complaint, ¶¶71-72. Plaintiff's municipal liability claim should be dismissed because (1) plaintiff cannot establish his underlying civil rights claims against the officers; and (2) plaintiff fails to allege facts that could provide the basis for a finding of municipal liability.

    a.    Plaintiff Cannot Establish His Underlying Civil Rights Claims Against the Police Officers

Failure to establish an underlying constitutional claim negates a claim for municipal liability. See Wilson v. Town of Mendon, 294 F.3d 1, 6 (2002) ("If [] the officer has inflicted no constitutional harm, neither the municipality nor the supervisor can be held liable"); Nieves v. McSweeney, 241 F.3d 46, 50 (1st Cir. 2001) (allegation of municipal or supervisory liability requires proof of an underlying constitutional violation). Here, plaintiff cannot maintain a claim for municipal liability because he cannot establish any of his civil rights claims against the individual defendants.

Plaintiff's conclusory claims that he was unlawfully stopped and arrested by the Westport police officers are negated by the facts pled in the Complaint, which demonstrate that both the stop and arrest were justified. As acknowledged in the Complaint, the plaintiff was driving with an expired registration and his vehicle passed a Stop sign without stopping. Complaint, ¶12. These motor vehicle infractions clearly justified Oliver's stop of the plaintiff. See G.L. c.90, §9; Whren v. United States, 517 U.S. 806 (1996) (officer is permitted to stop a vehicle any time he observes a traffic violation).

7

Further, plaintiff acknowledges that Oliver arrested him for Operating Under the Influence based on his observations of plaintiff during the stop – observations which included an odor of alcohol on plaintiff's breath, and plaintiff's mood swings and uncooperative behavior (including his refusal to take a field sobriety test and to return to his vehicle when instructed by the officer to do so). Complaint, ¶13, Exhibit A, ¶7.[4] These observations were manifestly sufficient to lead an ordinarily prudent officer to conclude that the plaintiff was driving under the influence of alcohol, and thus provided probable cause for his arrest on an OUI charge. See, e.g., Finucane v. Town of Belchertown, 808 F.Supp. 906, 910 (D.Mass.1992) (Ponsor, J.) (probable cause existed where driver's eyes appeared bloodshot and glassy, she admitted consuming at least one beer earlier that night, empty beer bottle was in plain view in car, officer smelled alcohol in car, and driver failed part of field sobriety test). Moreover, the plaintiff's conduct in exiting his vehicle during the stop and refusing to get back into his vehicle provided probable cause for his arrest for disorderly conduct. See, e.g., Commonwealth v. Bosk, 29 Mass.App.Ct. 904, 556 N.E.2d 1055 (1990) (defendant's refusal to get back into his vehicle during traffic stop warranted conviction for disorderly conduct).

Since the facts pled in the Complaint demonstrate that both the stop and arrest of plaintiff were justified, plaintiff cannot establish a Fourth Amendment claim. Accordingly, the plaintiff's municipal liability claim based on same fails, and should be dismissed.

To the extent plaintiff asserts a claim for the constitutional tort of malicious prosecution, such claim also fails because he has not alleged the requisite elements of this claim. A plaintiff who asserts a constitutional action for malicious prosecution must establish the elements of the parallel state tort claim (i.e., that criminal proceedings were initiated against him without

---

[4] Plaintiff admits that he had a drink before operating the vehicle, supporting the officer's observation that the plaintiff's breath had an odor of alcohol. Complaint, ¶1 4.

probable cause and for an improper purpose and were terminated in his favor), plus deprivation of a separate federally-protected right. See Nieves v. McSweeney, 241 F.3d 46, 53 (1st Cir. 2001); Meehan v. Town of Plymouth, 167 F.3d 85, 88-89 (1st Cir. 1999). Here, as described above, the plaintiff's conduct clearly provided the defendants with sufficient probable cause to arrest him. Moreover, the Complaint is entirely silent with respect to any improper motive for the arrest. Finally, plaintiff has not identified any independent federal right of which he was deprived due to the complaint brought against him for disorderly conduct. Therefore, he cannot establish a viable claim for malicious prosecution that could give rise to municipal liability.

Since plaintiff has no viable underlying civil rights claim that could provide the basis for municipal liability, his municipal liability claim should be dismissed.

    b.    The Complaint Does Not Allege Facts That Would Provide the Basis For a Finding of Municipal Liability

Plaintiff's claims against the Town should be dismissed for the additional reason that the Complaint is devoid of allegations sufficient to support a municipal liability claim. In order to state a municipal liability claim, it is plaintiff's burden to allege the existence of a pattern of illegal conduct by Westport police officers "so well-settled and widespread that the policymaking officials of the municipality can be said to have either actual or constructive knowledge of it yet [do] nothing to end the practice." Bordanaro v. McLeod, 871 F.2d 1151, 1156 (1st Cir.), cert. denied, 493 U.S. 820, 110 S.Ct. 75, 107 L.Ed.2d 42 (1989). It is plaintiff's "quite difficult burden" (Noel v. Town of Plymouth, 895 F.Supp. 346, 351 (D.Mass. 1995)), to meet this "high standard for demonstrating municipal liability." Consolo v. George, 835 F.Supp. 49, 51 (D.Mass. 1993).

A custom or policy of constitutional violations has been found to exist "where 40 complaints of police misconduct brought to the attention of police supervisors were held sufficient to establish section 1983 supervisory liability." Noel, 895 F.Supp. at 351 (citing

9

Herrara v. Valentine, 653 F.2d 1220, 1225 (8th Cir. 1981). "In the absence of a showing of remotely comparable strength," no municipal claim may be maintained. Noel, 895 F.Supp. at 351 (rejecting custom or policy claim premised upon "only three document incidents" of alleged prior misconduct"). Compare also Bordanaro, 871 F.2d at 1156-57 (custom or policy of breaking down doors without warrant found where evidence included: (1) testimony by police sergeant that he had been present at as many as 60 such incidents; (2) evidence that city provided officers with 12-pound sledge hammer for use in breaking down doors; and (3) uncontradicted testimony that this was "the way things [were] done and [had] been done" at police department").

In addressing pleading requirements for a civil rights claim, the First Circuit Court of Appeals recently stated that the pleading "must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Educadores Puertorriquenos en Accion v. Hernandez, 2004 WL 1045546 at *5 (1st Cir. 2004) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The Court reiterated its "oft-quoted statement that 'notice pleading notwithstanding, Rule 12(b)(6) is not entirely a toothless tiger.'" Educadores at *6 (quoting Dartmouth Review v. Dartmouth Coll., 889 F.2d 13, 16 (1st Cir.1989)). The Complaint, the Court stated, "should at least set forth minimal facts as to who did what to whom, when, where, and why ... the requirements of Rule 8(a)(2) are minimal – but minimal requirements are not tantamount to nonexistent requirements." Educadores at *6.

As noted, plaintiff seeks to hold the Town liable on the theories that the Town (1) failed to adequately train and supervise its officers; and (2) "ratified" the allegedly unconstitutional conduct of the officers. Complaint, ¶¶71-72. To establish a claim for municipal liability based on a failure to train or supervise, plaintiff would have to demonstrate that the failure to train or supervise "amounts to deliberate indifference to the rights of persons with whom the police come

into contact." Meehan v. Town of Plymouth, 167 F.3d 85, 91 (1st Cir. 1999); see also Wilson v. Town of Mendon, 294 F.3d 1, 6 (1st Cir. 2002).

The plaintiff's Complaint in this action does not even allege these elements of his claim, let alone set forth any specific facts regarding alleged deficiencies in the training and supervision of Westport police officers. For instance, the plaintiff has not alleged the existence of a single prior complaint against the defendant officers or any other Westport police officers relating to the subject matter of his claims.[5] Similarly, the plaintiff does not identify any particular way in which the training of the Town's police officers is lacking.[6] Rather, the plaintiff's Complaint merely states in conclusory fashion that the plaintiff's alleged injuries were caused by the Town's "failure to instruct, train and supervise" its officers. Nor does the Complaint allege any facts demonstrating how the Town "ratified" the allegedly unconstitutional conduct of its officers.[7] In short, the Complaint utterly fails to "give the defendant fair notice of ... the grounds upon which [the municipal liability claim] rests." As such, the Complaint alleges no facts that

---

[5] Evidence of a single incident itself, and nothing more, is insufficient to establish a failure-to-train or failure-to-supervise claim. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 105 S.Ct. 2427 (1985) (holding that a single incident of police misconduct does not, standing alone, permit an inference of a policy of inadequate training). Thus plaintiff's municipal liability claim fails for this additional reason.

[6] The standard for a "failure to train" claim is extremely exacting. As the Supreme Court explained in City of Canton v. Harris, 489 U.S. 378, 390-91, 109 S.Ct. 1197, 1206 (1989):

> In resolving the issue of a city's liability, the focus must be on adequacy of the training program in relation to the tasks the particular officers must perform. That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program. It may be, for example, that an otherwise sound program has occasionally been negligently administered. Neither will it suffice to prove that an injury or accident could have been avoided if an officer had had better or more training, sufficient to equip him to avoid the particular injury-causing conduct. Such a claim could be made about almost any encounter resulting in injury, yet not condemn the adequacy of the program to enable officers to respond properly to the usual and recurring situations with which they must deal. And plainly, adequately trained officers occasionally make mistakes; the fact that they do says little about the training program or the legal basis for holding the city liable. Moreover, for liability to attach in this circumstance the identified deficiency in a city's training program must be closely related to the ultimate injury.

[7] In any event, the Town is unaware of any recognized, independent cause of action for "ratification" of an alleged unconstitutional act. Such a claim could not meet the causation standard for a municipal liability claim, since any "ratification" clearly would take place subsequent to (and could not, as a matter of logic be the cause of) the underlying actions complained of by the plaintiff. See, e.g., Foley v. City of Lowell, 948 F.2d 10, 14 (1st Cir. 1991) ("plaintiff [must] establish...this custom or policy was the cause of, and moving force behind, the particular constitutional deprivation of which he is complaining").

could provide the basis for a municipal liability claim, and, accordingly, said claim should be dismissed.

IV.   CONCLUSION

WHEREFORE, for the foregoing reasons, the defendants request that this Court dismiss the Complaint in its entirety.

DEFENDANTS,

By their attorneys,

Jonathan M. Silverstein (BBO# 630431)
Jackie Cowin (BBO# 655880)
Kopelman and Paige, P.C.
  Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

226790/METG/0554

CERTIFICATE OF SERVICE
I hereby certify that a copy of the above document was served upon the attorney of record for each other party by mail-hand on 7/28/04