UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04CV1704RWZ

JOHN J. BAUGHAN,

Plaintiff

v.

TOWN OF WESTPORT, KEITH PELLETIER, TODD OLIVER, FRANCOIS NAPERT, SCOTT ARRINGTON, MICHAEL R. HEALY, STUART KIRKALDY, and STEPHEN OUELLETTE,

Defendant

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

## I. INTRODUCTION

The Original Complaint in this action asserted constitutional and state tort claims, arising from the stop, arrest and prosecution of the plaintiff, against the Town of Westport ("Town"), the Town's insurance company, Westport police officer Keith Pelletier ("Pelletier") in his individual and official capacities, and four other Westport police officers in their official capacities only. In response to this Court's order to streamline his claims, the plaintiff amended the Complaint to drop the insurance company as a defendant and drop the individual capacity claims against Pelletier, while re-asserting his constitutional and tort claims against the Town and all five police officers in their official capacities. The defendants then moved to dismiss the Amended Complaint for failure to state a claim. The plaintiff now seeks to amend the Complaint for a second time, removing the municipal claims, but restating his constitutional and tort claims against four of the police officers (including Pelletier) in their individual capacities, while also adding new constitutional and tort claims against these officers.

The defendants oppose the plaintiff's motion to amend on the grounds that justice requires that the motion be denied, for the following reasons: (1) the Second Amended Complaint removes facts, admitted in the previous Complaints, that negate plaintiffs' claims; (2) the Second Amended Complaint adds facts not alleged in either of the previous Complaints to support entirely new claims; (3) the Second Amended Complaint, to the extent it states a claim under the Massachusetts Civil Rights Act ("MCRA"), fails to state a claim; and (4) it would be unfair to subject Pelletier to personal liability after the plaintiff previously asserted, then deleted such claims in his previous Complaints; and it would be similarly unfair to subject the remaining three officers to personal liability now, when the plaintiff had the opportunity to do so twice previously, but did not. In addition, it is patently unfair for plaintiff to file a new set of claims after the defendants extended significant time and resources preparing and filing their Motion to Dismiss.

## II. THE PLEADINGS

1. The Original Complaint asserted claims pursuant to Section 1983 and the MCRA for unlawful stop, false arrest, and malicious prosecution, as well as tort claims for false imprisonment, libel and slander, and emotional distress against the Town, the Town's insurance company, Westport police officer Pelletier in his individual capacity, and four other Westport police officers in their official capacities.

2. The first Amended Complaint asserted the same claims described above against the Town and the five police officers; however all officers were named in their official capacities only.

3. Both the Original Complaint and first Amended Complaint effectively admitted that the plaintiff was driving a vehicle with an expired registration, and had rolled through a Stop sign just prior to being stopped by defendant officer Todd Oliver ("Oliver"). Both Complaints further admitted that the plaintiff had had a drink shortly before being stopped by Oliver.

4. Oliver's arrest report was attached to both the Original Complaint and first Amended Complaint. The arrest report noted that the plaintiff exhibited mood swings and uncooperative behavior during the encounter, and that the plaintiff refused to take a field sobriety test and to return to his vehicle when Oliver instructed him to do so. The Complaints did not dispute thee facts as set forth in the police report.

5. In response to the Amended Complaint, the defendants filed a motion to dismiss on the grounds that the Amended Complaint failed to state a claim.[1]

6. The proposed Second Amended Complaint removes all claims against the Town and one of the previously named police officers. It seeks to re-assert claims for unlawful stop, false arrest and malicious prosecution, pursuant to Section 1983 and the MCRA, while adding claims for excessive force and due process violations. The proposed Second Amended Complaint seeks to reinstate these claims against Pelletier in his individual capacity, while asserting individual capacity claims against the remaining officers for the first time. The Second Amended Complaint also asserts tort claims against these officers for false imprisonment, libel, emotional distress, and assault and battery.

---

[1] On Page 1, ¶ 2 of his Motion for Leave to File Second Amended Complaint, plaintiff falsely claims that defense counsel failed to confer regarding the Motion to Dismiss as required by Local Rule 7.1(A)(2). As established in the Affidavit of Jackie Cowin, attached hereto as Exhibit A, this claim is absolutely baseless.

## III. ARGUMENT

### A. The Motion to Amend, With Respect to Plaintiff's Claims for Unlawful Stop, False Arrest, and Malicious Prosecution, Should Be Denied Because the Second Amended Complaint Removes Admissions that Negate These Claims

On July 28, 2004, the defendants moved to dismiss plaintiff's claims for unlawful stop, false arrest, and malicious prosecution, on the grounds that facts admitted in the Amended Complaint established sufficient probable cause to justify the stop, arrest, and prosecution of plaintiff. Specifically, the Amended Complaint admitted that the plaintiff was driving a vehicle with an expired registration, and had rolled through a Stop sign just prior to being stopped by defendant Oliver. Amended Complaint, ¶12. These motor vehicle infractions clearly justified the stop of the plaintiff. See G.L. c.90, §9; Whren v. United States, 517 U.S. 806 (1996) (officer is permitted to stop a vehicle any time he observes a traffic violation). Further, the Amended Complaint admitted that Oliver detected an odor of alcohol on plaintiff's breath, and observed plaintiff to exhibit mood swings and uncooperative behavior, including refusing to take a field sobriety test and to return to his vehicle when Oliver instructed him to do so. Amended Complaint, ¶13 and attached Exhibit A, ¶7.[2] These observations were manifestly sufficient to provide probable cause for plaintiff's arrest on charges of Operating Under the Influence and disorderly conduct (plaintiff was prosecuted on the latter charge only). See, e.g., Commonwealth v. Bosk, 29 Mass.App.Ct. 904, 556 N.E.2d 1055 (1990) (defendant's refusal to get back into his vehicle during traffic stop warranted conviction for disorderly conduct). In their Motion to Dismiss, defendants argued that these facts, admitted by the plaintiff, negated plaintiff's claims for unlawful stop, false arrest, and malicious prosecution.

[2] The Amended Complaint also admitted that plaintiff had a drink before operating the vehicle, supporting the officer's obser vation that the plaintiff's bre ath had an odor of alcohol. Amended Complaint, ¶ 14.

Now, after reviewing the defendants' Motion to Dismiss, plaintiff seeks to file a Second Amended Complaint that removes his admissions that he was driving with an expired registration and that his vehicle passed a Stop sign without stopping, and, further, does not attach the arrest report noting that plaintiff exhibited mood swings and uncooperative behavior during the encounter with Oliver (though the Second Amended Complaint continues to admit that plaintiff had alcohol on his breath). The defendants submit that it would be unfair, as well as a waste of judicial resources, to allow plaintiff to amend the complaint to remove previously admitted facts, in order to pursue claims that these previously admitted facts negate. As these previously admitted facts negate plaintiff's claims for unlawful stop, false arrest, and malicious prosecution, the motion to file the Second Amended Complaint, to the extent that it asserts these claims, should be denied.

B. The Motion to Amend, With Respect to Plaintiff's New Claim for Excessive Force, Should Be Denied Because this Claim is Based on Facts Not Alleged in the Previous Complaints

The Second Amended Complaint asserts, for the first time, a claim for excessive force. This claim is purportedly supported by the allegation that, upon his arrest, plaintiff was "placed in a police cruiser in a position that caused him severe discomfort in his knees." Second Amended Complaint, ¶11. This allegation was not asserted in either of the previous Complaints. The plaintiff cannot assert that this new claim is based on new information not available to him when he filed the first two versions of the Complaint, and defendants submit that plaintiff should not be permitted to take advantage of the liberal rules on amending pleadings by filing a third complaint that adds an entirely new constitutional claim. Therefore, plaintiff's motion to amend the Complaint should be denied to the extent it seeks to add a claim for excessive force.

Similarly, the motion to amend should be denied to the extent that it alleges, for the first time, that "the defendants ... knew of the plaintiff from his close scrutiny of the police department's budget item requests." Second Amended Complaint, ¶10. This allegation seemingly addresses the contention, set forth in defendants' Motion to Dismiss, that plaintiff's malicious prosecution claim failed because the Complaint was silent with respect to any improper motive for the arrest. Again, plaintiff should not be allowed to add an allegation that he failed to raise until after reviewing defendants' arguments in support of their Motion to Dismiss.[3]

C. The Motion to Amend, With Respect to Plaintiff's Claims Under the MCRA, Should Be Denied Because these Claims are Deficient

As noted in defendants' Motion to Dismiss the Amended Complaint, plaintiff's MCRA claims are deficient because the plaintiff has not alleged a violation of his rights by means of "threats, intimidation or coercion." See G.L. c.12, §§11H-I; Longval v. Commissioner of Corrections, 404 Mass. 325, 333, 535 N.E.2d 588, 593 (1989) (holding that direct constitutional deprivation does not establish MCRA claim); Layne v. Superintendent, Massachusetts Correctional Institution, Cedar Junction, 406 Mass. 156, 158, 546 N.E.2d 166, 168 (1989) (same). As the Second Amended Complaint does not allege a violation of plaintiff's rights by means of "threats, intimidation or coercion," the motion to amend the complaint, to the extent it alleges claims pursuant to the MCRA, should be denied on grounds of futility. See Hayden v.

[3] Even if plaintiff is allowed to remove facts he has previously admitted, and add facts he has not previously alleged, his malicious prosecution claim is still deficient because he has not identified any independent federal right of which he was deprived due to the complaint brought against him for disorderly conduct. See Nieves v. McSweeney, 241 F.3d 46, 53 (1st Cir. 2001) (a plaintiff who asserts a constitutional action for malicious prosecution must establish the elements of the parallel state tort claim [i.e., that criminal proceedings were initiated against him without probable cause and for an improper purpose and were terminated in his favor], plus deprivation of a separate federal right). Therefore, plaintiff's motion to amend, to the extent it asserts a claim for malicious prosecution, should be denied on this additional basis.

Grayson, 134 F.3d 449, 455-456 (1st Cir. 1998) (trial court may deny leave to file an amended complaint which would be subject to immediate dismissal under Rule 12(b)(6)).

D. The Motion to Amend the Complaint Should Be Denied Because it Unfairly Subjects the Defendant Officers to Personal Liability For the First Time

The Original Complaint included individual-capacity claims against defendant Pelletier. Complaint, Count II. These claims were specifically deleted in the Amended Complaint, meaning he was relieved of potential personal liability for plaintiff's allegations. Amended Complaint, ¶5, Counts I-IV; see also Febus-Rodriguez v. Betancourt-Lebron, 14 F.3d 87, 91 n.3 (1st Cir. 1994) ("an official capacity suit is, in reality, a suit against the governmental entity, and not against the governmental actor"). Similarly, both the Original Complaint and first Amended Complaint named the remaining defendant police officers in their official capacities only, meaning they were not subjected to potential personal liability for plaintiff's claims. Complaint, ¶¶6-9; Amended Complaint, ¶¶5-6, 8. The plaintiff now seeks to reinstate his individual capacity claim against Pelletier, and re-state his claims against the remaining officers in their individual capacities. Defendants submit that it is unfair and prejudicial to subject Pelletier to the spectre of personal liability, where the plaintiff has previously amended the Complaint to delete such claims. That plaintiff now realizes (and indeed, specifically admits on Page 1 of his Motion for Leave to File Second Amended Complaint) that he has no viable claim against the Town, is no justification for subjecting Pelletier to a yo-yo proceeding, in which he is named individually, released from personal liability, and then re-named individually once again. Similarly, defendants submit that it is unfair and prejudicial to subject the remaining police officers to personal liability, where plaintiff twice had the opportunity to raise such claims but failed to do so. Therefore, the motion to amend the complaint to add claims against the officers in their individual capacities should be denied.

## IV. CONCLUSION

WHEREFORE, for the foregoing reasons, the defendants respectfully request that this Court deny plaintiff's motion for leave to file second amended complaint.

DEFENDANTS,

By their attorneys,

/s/ Jackie Cowin

Jonathan M. Silverstein (BBO# 630431)
Jackie Cowin (BBO# 655880)
Kopelman and Paige, P.C.
Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

230942/METG/0554

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand) (mail) on 9/13/04

JC

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04CV1704RWZ

JOHN J. BAUGHAN,

Plaintiff

v.

TOWN OF WESTPORT, KEITH PELLETIER, TODD OLIVER, FRANCOIS NAPERT, SCOTT ARRINGTON, MICHAEL R. HEALY, STUART KIRKALDY, and STEPHEN OUELLETTE,

Defendant

AFFIDAVIT OF JACKIE COWIN

I, JACKIE COWIN, under oath do hereby depose and state as follows:

1. I am licensed to practice law in the Commonwealth of Massachusetts and in the United States District Court for the District of Massachusetts, and am an associate with the law firm of Kopelman and Paige, P.C., counsel of record for all defendants in the above-captioned action

2. I assisted in preparing the Defendants' Motion to Dismiss in this matter.

3. On July 26, 2004, pursuant to Local Rule 7.1(A)(2), I telephoned plaintiff's original counsel, Emile E. Morad, to confer regarding Defendants' Motion to Dismiss.

4. I left Mr. Morad a voice mail message, which he returned a short while later. Mr. Morad and I briefly discussed the defendants' motion but were unable to resolve or narrow the issues presented therein. Mr. Morad specifically indicated that he

**EXHIBIT A**

understood the legal premise of the defendants' Motion to Dismiss, and that he did not agree to dismissal of any of the plaintiff's claims.

Signed under the pains and penalties of perjury this 13th day of September, 2004.

Jackie Cowin

Jackie Cowin

230968/METG/0554