9-7-04

RG

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN OFFICE

2004 SEP -3 P 2: 49

U.S. DISTRICT COURT
DISTRICT OF MASS

|  |  |
|---|---|
| JOHN J. BAUGHAN | ) |
| Plaintiff | ) |
|  | ) |
|  | ) |
| v. | ) |
|  | ) |
| KEITH PELLETIER, TODD OLIVER | ) |
| FRANCIS NAPERT and SCOTT | ) |
| ARLINGTON | ) |
| Defendants | ) |

Civil Action
No. 04-10704RWZ

**SECOND AMENDED
COMPLAINT**

## NATURE OF THE CLAIM

This is a civil action for damages brought by John J. Baughan against police officers of

the Town of Westport Police Department. John J. Baugham seeks to redress violations of his

constitutional, statutory and common law rights arising out of events which occurred on or

around April 10, 2001.

## JURISDICTION

This action is brought pursuant to 42 U.S.C. sections 1983 and 1988 for violations of

the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is

founded upon 28 U.S.C. sections 1331 and 1343. The Court has jurisdiction over all state law

claims under 28 U.S.C. 1367

## PARTIES

1.    Plaintiff, John J. Baughan is an individual and resides in the Town of Westport, County,

Massachusetts.

1

2.      Defendant, Keith Pelletier, (hereinafter, "Pelletier)" was, at all times material to this complaint, a duly appointed police officer holding the rank of sergeant with the Town of Westport, Massachusetts acting in his official capacity and a public employee within the meaning of M.G.L. c. 258. At all times material hereto, Pelletier was the acting supervisor of the other defendants. He is sued both individually and in his official capacity.

3.      Defendant, Todd Oliver, (hereinafter, "Oliver") was, at all times material to this complaint, a duly appointed police officer with the Town of Westport, Massachusetts acting in his official capacity and a public employee within the meaning of M.G.L. c. 258. He is sued both individually and in his official capacity

4.      Defendant, Francois Napert, (hereinafter, "Napert") was, at all times material to this complaint, a duly appointed police officer with the Town of Westport, Massachusetts acting in his official capacity and a public employee within the meaning of M.G.L. c. 258. He is sued both individually and in his official capacity

5.      Defendant, Scott Arlington, (hereinafter, "Arlington") was, at all times material to this complaint, a duly appointed police officer with the Town of Westport, Massachusetts acting in his official capacity and a public employee within the meaning of M.G.L. c. 258. He is sued both individually and in his official capacity

6.      At all times material to this complaint, Pelletier, Oliver, Napert and Arlington were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the Commonwealth of Massachusetts and the Town of Westport.

7.      On or about April 10, 2001, at around 6:50 P.M., the plaintiff was operating a leased automobile on Main Road in the Town of Westport when he was ordered to stop by defendant, Oliver for allegedly proceeding through a stop sign and operating an unregistered motor vehicle.

8.    At that time, plaintiff was on his way to the Town of Westport Annual Town Meeting as a member of the Financial Committee. This meeting was taking place about two miles from where he was stopped.

9.    During the conversation between Oliver and the plaintiff, all of the other defendants arrived at the scene in various police vehicles.

10.    The defendants, one or more of whom knew of the plaintiff from his close scrutiny of the police department's budget item requests of the Town of Westport, decided that the he should be placed under arrest for operating under the influence of liquor, based solely on the odor of an alcoholic beverage on his breath and despite his imploring the officers to drive him to the meeting.

11.    Plaintiff was handcuffed, placed in a police cruiser in a position that caused him severe discomfort in his knees and transported to the Town of Westport Police Station.

12.    At the police station, the plaintiff took a Breathalyzer test which resulted in a reading of 01. A second test generated the same result.

13.    After plaintiff took the breathalyzer test, all of the defendants left the police station except Oliver, who knew that he was obligated o release the plaintiff immediately.

14.    Instead, Oliver informed the plaintiff that he was now being charged with the offense of disturbing the peace at approximately 7:30 P.M for which he was placed in a holding cell in the Westport police station.

15.    The plaintiff demanded to be released immediately on his personal recognizant but Oliver told him he must wait for the Clerk of Court to release him.

16.    Oliver did not place the call to arrange for the Clerk of Court to come to the police station to arrange for plaintiff's release.

3

17.    The Plaintiff remained in the holding cell from approximately 7:00 P.M. to approximately 3:30 A.M. at which time the Clerk released him.

18.    In the morning of April 11, 2001, Oliver swore out an Application for Criminal Complaint against the plaintiff for disturbing the peace, knowing the same to be false and spurious.

19.    Plaintiff was arraigned on the complaint that day in the Fall River District Court.

20.    The plaintiff was compelled to obtain a private attorney to represent him in connection with the criminal complaint.

21.    The plaintiff was subsequently acquitted at the conclusion of a bench trial in the Fall River District Court.

22.    After plaintiff's acquittal, the defendants issued a statement which was printed in the local newspapers, proclaiming that the plaintiff was guilty despite his acquittal.

23.    The plaintiff through his attorney, has given notice of his intent to bring this action on May 30, 2002 as provided by M.G.L.A. Chapter 258 sec 4 a copy of said notice is attached and marked as Exhibit "C"

## COUNT 1- VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS

24.    Plaintiff repeats the facts alleged in paragraphs 1 .23 above, thereby incorporating them by reference herein.

25.    The defendants, in violation of 42 U.S.C. sec. 1983, intentionally, with deliberate indifference and/or negligently deprived or caused plaintiff to be deprived of rights and privileges secured by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and the laws of the United States including but not limited to the right of:

4

a)    Freedom from the use of excessive and unreasonable force.

b)    Freedom from the deprivation of liberty without due process of law.

c)    Freedom from arrest and detention without a warrant or probable cause.

d)    Freedom from malicious prosecution.

26.    As a direct and proximate result thereof, plaintiff suffered great pain of body and anguish of mind, suffered impairment to his earning capacity, was subjected to great embarrassment and humiliation in the community, suffered emotional distress, was compelled to spend substantial sums for his defense and was otherwise greatly damaged.

## COUNT 2- VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT

27.    Plaintiff repeats the facts alleged in paragraphs 1 - 23 above, thereby incorporating them by reference herein.

28.    Defendants, in violation of M.G.L. Ch. 12, sec. 111, interfered or attempted to interfere by threats, intimidation or coercion with plaintiff's exercise and enjoyment of rights secured under the Constitution and laws of both the Commonwealth of Massachusetts and United States.

29.    As a direct and proximate result thereof, plaintiff suffered great pain of body and anguish of mind, lost time and wages from his employment, suffered an impairment to his earning capacity, was subjected to extreme embarrassment and humiliation in the community, suffered emotional distress, was compelled to spend substantial sums for his defense and was otherwise greatly damaged

## COUNT 3- ASSAULT AND BATTERY

30.    Plaintiff repeats the facts alleged in paragraphs 1 .23 above, thereby incorporating them by reference herein.

31.    Defendants' use of excessive and unnecessary force against plaintiff constituted an assault and battery.

32.    As a direct and proximate result thereof, plaintiff suffered great pain of body and anguish of mind, suffered emotional distress and was otherwise greatly damaged

## COUNT 4- FALSE ARREST

33.    Plaintiff repeats the facts alleged in paragraphs 1 -23 above, thereby incorporating them by reference herein.

34.    Defendants falsely arrested plaintiff without a warrant or probable cause.

35.    As a direct and proximate result thereof, plaintiff was subjected to extreme embarrassment and humiliation in the community, suffered emotional distress, was compelled to spend substantial sums for his defense and was otherwise greatly damaged

## COUNT 5 -FALSE IMPRISONMENT

36.    Plaintiff repeats the facts alleged in paragraphs 1 .23 above, thereby incorporating them by reference herein.

37.    Defendants caused plaintiff to be falsely imprisoned without justification or excuse.

## COUNT 6- MALICIOUS PROSECUTION

38.    Plaintiff repeats the facts alleged in paragraphs 1 .23 above, thereby incorporating them by reference.

39.    The aforesaid conduct constitutes a malicious prosecution by defendants.

40.    As a direct and proximate result thereof, plaintiff was subjected to extreme embarrassment and humiliation in the community, suffered emotional distress, was compelled to

spend substantial sums for his defense and was otherwise greatly damaged

### COUNT 7-iNFLICTION OF EMOTIONAL DISTRESS

41.    Plaintiff repeats the facts alleged in paragraphs 1 .23 above, thereby incorporating them by reference herein.

42.    The defendants' aforesaid conduct was extreme, outrageous, and intolerable in a civilized society.

43.    As a result thereof, plaintiff suffered severe emotional distress and was otherwise greatly damaged.

### COUNT 8 – LIBEL

44.    Plaintiff repeats the facts alleged in paragraphs 1 .23 above, thereby incorporating them by reference herein.

45    This defendants' defamed the plaintiff by knowingly and deliberately releasing a statement t the local publications that he was guilty despite his acquittal.

46.    As a result thereof, the plaintiff suffered extreme emotional distress and embarrassment in the local community  and suffered public indignity, humiliation and damage to his character and reputation.

### PRAYER FOR RELIEF

Plaintiff prays that this Court:

a)    Enter judgment in his favor against all of the defendants on each and every Count of this Complaint;

b)    Award him compensatory damages, and;

c)    Award punitive damages against all of the defendants: and;

7

d)     Award him the costs of this action, including reasonable attorney fees pursuant to 42

U.S.C. 1988 and/or M.G.L. Ch. 12 §11 and;

e)     Award costs and interest, and;

f)     Award such other and further relief as this Court may deem appropriate.


THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.

Respectfully submitted

Andrew Stockwell-Alpert
109 State Street
Boston, MA 02109
(617) 720-4244
BBO #481190

Certificate of Service

I hereby certify that a true copy of the above document
was served upon the attorney of record for each other party
by mail/hand on _____.

8