UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04CV10704RWZ

JOHN J. BAUGHAN,

    Plaintiff

v.

KEITH PELLETIER, TODD OLIVER, FRANCOIS NAPERT, and SCOTT ARRINGTON

    Defendant

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

I.    INTRODUCTION/PROCEDURAL HISTORY

    This action arises from the investigatory stop and subsequent arrest of plaintiff John J. Baughan ("Baughan") by police officers for the Town of Westport ("Town").

    The Original Complaint asserted constitutional and state tort claims against the Town of Westport, the Town's insurance company, and five Westport police officers. In response to this Court's order to streamline his claims, the plaintiff filed an Amended Complaint that removed the insurance company as a defendant, while re-asserting his claims against the Town and its police officers (the "First Amended Complaint"). Defendants moved to dismiss the First Amended Complaint for failure to state a claim. While the defendants' motion was pending, the plaintiff moved to amend the complaint for a second time. The Court (Zobel, J.) allowed the plaintiff's motion, subject to the caveat that "any admissions in earlier versions of the complaint remain binding."

    The Second Amended Complaint asserts constitutional claims, pursuant to 42 U.S.C. §1983 and G.L. c.12, §11 (the Massachusetts Civil Rights Act or "MCRA") for excessive force,

denial of due process, false arrest and malicious prosecution against Westport police officers Keith Pelletier, Todd Oliver, Francois Napert, and Scott Arrington (Counts I and II). The Second Amended Complaint further asserts state tort law claims for assault and battery, false arrest, false imprisonment, intentional infliction of emotional distress, libel and malicious prosecution against the four officers (Counts III-VIII).

Defendants move, pursuant to Fed.R.Civ.P.12(b)(6), to dismiss the entire Complaint on the grounds that it fails to state a claim. Specifically: (1) facts admitted in earlier versions of the complaint establish sufficient probable cause to justify the stop, arrest, and prosecution of plaintiff, thereby negating his constitutional claims for due process violations, false arrest and malicious prosecution, as well as his tort claims for assault and battery, false arrest, false imprisonment, intentional infliction of emotional distress, and malicious prosecution; (2) plaintiff's MCRA claim fails on the additional grounds that the Second Amended Complaint does not allege the requisite elements of such a claim; (3) the facts as alleged do not give rise to a claim for excessive force; (4) plaintiff has not pled his libel claim with sufficient specificity to defeat a motion to dismiss; (5) the defendants are entitled to qualified immunity.

II    RELEVANT FACTS[1]

1. On the evening of April 10, 2001, Baughan was operating a motor vehicle with an expired registration. First Amended Complaint, ¶7; Exhibit A to First Amended Complaint (hereafter "Exhibit A"), ¶1.

---

[1] The facts recited herein are taken from the averments of the First Amended Complaint, the police report on the incident underlying plaintiff's claims (which is attached to the First Amended Complaint), and the Second Amended Complaint. The averments and admissions of the First Amended Complaint are properly considered on this motion, pursuant to this Court's order that "any admissions in earlier versions of the complaint remain binding." The police report is also properly considered on this motion, as it is considered part of the First Amended Complaint. See Fed. R. Civ. P. 10(c); O'Brien v. DiGrazia, 544 F.2d 543, 545 n.1 (1st Cir. 1976). The facts recited herein are accepted as true for the purposes of this motion only. See Coyne v. Somerville, 972 F. 2d 440 (1st Cir. 1992).

2. At approximately 6:50 p.m. that evening, Baughan's vehicle proceeded past a Stop sign without stopping.  First Amended Complaint, ¶7; Exhibit A, ¶1.

3. Based on the above-described motor vehicle infractions, Officer Oliver stopped Baughan's vehicle.  First Amended Complaint, ¶7; Exhibit A, ¶2.

4. Oliver arrested plaintiff for driving under the influence of alcohol and disorderly conduct, based on his observations, which included an odor of alcohol on plaintiff's breath, his refusal to undergo field sobriety tests, his refusal to comply with Oliver's instructions that he return to his vehicle, and his abusive behavior toward Oliver.  Second Amended Complaint, ¶10; First Amended Complaint, ¶13; Exhibit A, ¶7.

5. Baughan admits to having had at least one alcoholic drink shortly before being stopped by Oliver.  First Amended Complaint, ¶14.

6. Plaintiff was handcuffed and placed in a police cruiser, and transported to the Town's police station.  Second Amended Complaint, ¶11.  In the Second Amended Complaint, plaintiff claims for the first time that being placed in the cruiser caused him "severe discomfort in his knees," but he does not allege that any officer hit, pushed, or otherwise physically abused him.  Indeed, plaintiff does not even allege that any police officer was aware of his alleged discomfort.  Id.

7. At the police station, the plaintiff passed a breathalyzer test.  Second Amended Complaint, ¶12.

8. Plaintiff was held at the Westport police station on the charge of disorderly conduct from 7:00 p.m. until 3:30 a.m.  Second Amended Complaint, ¶17.

9. Following a trial, plaintiff was acquitted of the charge of disorderly conduct. Second Amended Complaint, ¶21.

10. Plaintiff alleges that, after his acquittal, the defendants issued an unspecified statement that was printed in the local newspapers, proclaiming that the plaintiff was guilty despite his acquittal. Second Amended Complaint, ¶23. The Second Amended Complaint does not identify who allegedly made the statement, when or where the statement was published, or any of the words contained in the alleged statement. Id.

III. ARGUMENT

A. Motion to Dismiss Standard

On a Rule 12(b)(6) motion to dismiss, the reviewing court construes well-pleaded material allegations of the complaint as admitted, Walker Process Equip. v. Food Mach. & Chem. Corp., 382 U.S. 172 (1976), and all reasonable inferences are drawn in the plaintiff's favor. Wagner v. Devine, 122 F.3d 53, 58 n.2 (1st Cir. 1997). The court is not bound, however, to accept as true conclusions of law or unwarranted deductions of fact. See Washington Legal Foundation v. Massachusetts Bar Foundation, 993 F.2d 962, 971 (1st Cir. 1993).

B. Plaintiff's Constitutional Claims for False Arrest, Due Process Violation, and Malicious Prosecution are Negated by the Existence of Probable Cause

1. False Arrest

Plaintiff's conclusory claim that he was unlawfully detained and arrested by the Westport police officers (Second Amended Complaint, ¶25(c)) is negated by facts established in earlier versions of the complaint, which demonstrate that both the stop and arrest were justified. As acknowledged in the First Amended Complaint, the plaintiff was driving with an expired registration and his vehicle passed a Stop sign without stopping. First Amended Complaint, ¶12;

Exhibit A, ¶1. These motor vehicle infractions clearly justified Oliver's stop of the plaintiff. See G.L. c.90, §9; Whren v. United States, 517 U.S. 806 (1996) (officer is permitted to stop a vehicle any time he observes a traffic violation).

Further, the arrest of plaintiff was justified by probable cause. Probable cause to arrest plaintiff existed if, at the moment of the arrest, the facts and circumstances within Oliver's knowledge and of which he had reasonably reliable information were adequate to warrant a prudent person in believing that the plaintiff had committed or was about to commit a crime. Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 254 (1st Cir. 1996). The probable cause inquiry is an objective one, asking whether a hypothetical "reasonable man," standing in Oliver's shoes, would believe plaintiff had committed or was about to commit a crime. Id.

Here, plaintiff acknowledges that Oliver arrested him for operating under the influence "based on his observations" of plaintiff during the stop – observations which included an odor of alcohol on plaintiff's breath, and plaintiff's mood swings and uncooperative behavior (including his refusal to take a field sobriety test and to return to his vehicle when instructed by the officer to do so). First Amended Complaint, ¶13, Exhibit A, ¶7.[2] These observations would manifestly lead a reasonable man, standing in Oliver's shoes, to conclude that the plaintiff was driving under the influence of alcohol, and thus provided probable cause for his arrest on an OUI charge. See, e.g., Finucane v. Town of Belchertown, 808 F.Supp. 906, 910 (D.Mass.1992) (Ponsor, J.) (probable cause existed where driver's eyes appeared bloodshot and glassy, she admitted consuming at least one beer earlier that night, empty beer bottle was in plain view in car, officer smelled alcohol in car, and driver failed part of field sobriety test). Similarly, the plaintiff's conduct in exiting his vehicle during the stop and refusing to get back into his vehicle would lead

---

[2] Plaintiff also admitted that he had a drink before operating the vehicle, supporting the officer's observation that the plaintiff's breath had an odor of alcohol. First Amended Complaint, ¶14.

a reasonable man to believe that the plaintiff had committed the crime of disorderly conduct. See, e.g., Commonwealth v. Bosk, 29 Mass.App.Ct. 904, 556 N.E.2d 1055 (1990) (defendant's refusal to get back into his vehicle during traffic stop warranted conviction for disorderly conduct).  Thus, Oliver had probable cause to arrest plaintiff on both these charges.

Since facts admitted in earlier versions of the complaint demonstrate that both the stop and arrest of plaintiff were justified, plaintiff cannot establish a claim for false arrest and said claim should be dismissed.

  2.  Due Process Claim

Plaintiff's due process claim for "deprivation of liberty" (Second Amended Complaint, ¶25(b)), is subject to the same analysis as his Fourth Amendment claim for false arrest.  See Albright v. Oliver, 510 U.S. 266, 274, 114 S.Ct. 807 (1994) (plurality opinion) ("deprivations of liberty that go hand in hand with criminal prosecutions" are properly analyzed under the Fourth Amendment); Pena-Borrero v. Estremeda, 365 F.3d 7, 12 (1st Cir. 2004) (same).  As such, plaintiff's due process claim fails for the same reason that his false arrest claim fails – that is, that facts admitted in earlier versions of the complaint establish that reasonable suspicion supported his stop and probable cause existed to justify his arrest.  Thus plaintiff's due process claim should be dismissed.

  3.  Malicious Prosecution Claim

Plaintiff's claim for malicious prosecution (Second Amended Complaint, ¶25(d)) fails because he has not alleged the requisite elements of this claim.  A plaintiff who asserts a constitutional action for malicious prosecution must establish the elements of the parallel state tort claim (i.e., that criminal proceedings were initiated against him without probable cause and for an improper purpose and were terminated in his favor), plus deprivation of a separate

federally protected right.  See Nieves v. McSweeney, 241 F.3d 46, 53 (1st Cir. 2001); Meehan v. Town of Plymouth, 167 F.3d 85, 88-89 (1st Cir. 1999).  As described above, the plaintiff's conduct clearly provided defendants with sufficient probable cause to arrest and prosecute him on a charge of disorderly conduct.  Moreover, the Complaint is silent with respect to any allegedly improper motive for the arrest.  Therefore, he cannot establish a viable claim for malicious prosecution and said claim should be dismissed.

      C.      Plaintiff Fails to State a Claim for Excessive Force

Plaintiff asserts a claim for use of excessive force by the Westport officers, purportedly supported by the allegation that, upon his arrest, plaintiff was "placed in a police cruiser in a position that caused him severe discomfort in his knees.''  Second Amended Complaint, ¶11.  Plaintiff does not allege that any officer hit, pushed, or otherwise physically abused him, or that any officer was aware of his alleged discomfort.  Id.

Where an officer uses a reasonable amount of force in executing an arrest, a claim for excessive force will not lie.  See Graham v. Connor, 490 U.S. 386, 388, 109 S.Ct. 1865 (1989) (excessive force claims are judged under an "objective reasonableness" standard).  Here, plaintiff's claim for excessive force fails, and should be dismissed, because the officers' actions were objectively reasonable as a matter of law.  There is no allegation that any officer applied any contact to the plaintiff, other than that which was necessary to perform the manifestly reasonable act of placing plaintiff into the cruiser upon his lawful arrest.  Nor is there any allegation that plaintiff informed the officers that his positioning in the cruiser caused him any discomfort.  Absent any allegation that the officers knew or should have known that their conduct caused the plaintiff pain, the act of placing plaintiff into the cruiser was objectively reasonable as a matter of law and plaintiff's excessive force claim therefore fails.

Plaintiff's excessive force claim should be dismissed for the additional reason that, even if he is able to prove the allegation that he was "placed in a police cruiser in a position that caused him severe discomfort in his knees," such a use of "force" attendant to plaintiff's lawful arrest is not capable of sustaining a Fourth Amendment claim.

It has been "long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion," Graham, 490 U.S. at 395, 109 S.Ct. 1865, and further, that "not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment. Id. (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.1973)). See also Oklahoma City v. Tuttle, 471 U.S. 808, 818, 105 S.Ct. 2427 (1985) (not every instance of the use of unreasonable force in effecting an arrest constitutes a violation of the constitution).

An allegation of subjective discomfort from being seated in the back of a police cruiser for a two-mile ride[3] does not rise to the level of constitutionally excessive force, particularly where the arresting officer is not even alleged to have been aware of the discomfort. Accordingly, plaintiff has failed to state a cognizable claim for excessive force and said claim should be dismissed on this additional basis. See Pena-Borrero v. Estremeda, 365 F.3d 7, 12 (1st Cir.2004) (affirming dismissal of excessive force claim, where complaint alleged that "officers pushed both of [his] arms up behind his back up to almost his neck, whereby plaintiff told them that they were hurting him").

---

[3] Defendants submit that the Court may take judicial notice of the fact that the Westport Police Station is located at 818 Main Road, next door to the Town Hall (816 Main Road), which plaintiff admits was just two miles from where he was stopped. Second Amended Complaint, ¶8.

      D.      <u>Plaintiff's MCRA Claim Fails Because He Does Not Allege The Requisite Elements of Such a Claim</u>

To establish a claim under the MCRA, a plaintiff must prove that the officers interfered with his exercise of state or federal rights by means of threats, intimidation or coercion. <u>See</u> <u>Kelley</u> v. <u>LaForce</u>, 288 F.3d 1, 10 (2002), <u>citing</u> <u>Duarte</u> v. <u>Healy</u>, 405 Mass. 43, 537 N.E.2d 1230 (1989). Plaintiff's MCRA claim fails to state a claim and must be dismissed. First, plaintiff has failed to allege a violation of any right, for the reasons described above (Sections IIIB-C). Second, he does not allege any threats or measures of intimidation or coercion on the part of the defendant officers. <u>See Second Amended Complaint</u>, ¶¶27-29.

It is well-settled that "[a] direct violation of a person's rights does not by itself involve threats or measures of intimidation, or coercion, and thus does not implicate the [MCRA]." <u>Longval</u> v. <u>Commissioner of Corrections</u>, 404 Mass. 325, 333, 535 N.E.2d 588, 593 (1989) (unlawful use of force by prison officials, who are normally authorized to use force, is not coercion within the meaning of the MCRA); <u>Pheasant Ridge Assocs. Ltd. Partnership</u> v. <u>Burlington</u>, 399 Mass. 771, 781, 506 N.E.2d 1152, 1158 (1987) (attempted direct, preemptive act of taking did not coerce plaintiff to do or not to do anything). In this matter, the plaintiff at most alleges a direct deprivation of his civil rights. There is no conduct attributed to any defendant that would rise to the level of threats, intimidation, or coercion. Thus, pursuant to the holding in <u>Longval</u> and its progeny, the plaintiff has failed to state a viable claim under the MCRA, and this claim should be dismissed.

      E.      <u>The Defendants are Entitled to Qualified Immunity</u>

The doctrine of qualified immunity shields government officials from suit "so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Sheehy</u> v. <u>Town of Plymouth</u>, 191 F.3d 15, 19 (1999).

Two issues must therefore be considered: (1) whether at the time of the alleged conduct there was a "clearly established" constitutional right that was violated; and (2) whether a reasonable person would have known that his conduct violated that constitutional right.  See Frazier v. Bailey, 957 F.2d 920, 929 (1st Cir. 1992).[4]  As plaintiff's right to be free from unlawful arrest, malicious prosecution and excessive force was clearly established, the issue to be considered in this case is whether reasonable officers in the defendants' positions would have known that their conduct violated these rights.  The defendants are entitled to qualified immunity, "so long as 'their decision was reasonable, even if mistaken.'"  Joyce v. Town of Tewksbury, 112 F.3d 19, 23 (1st Cir. 1997).  Qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law."  Id., quoting Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096 (1986).

Here, the facts as alleged demonstrate that the officers' conduct was sufficiently reasonable that they could not have known it to violate plaintiff's constitutional rights.  With respect to the arrest, the officers' conduct is entitled to qualified immunity "unless 'there clearly was no probable cause at the time the arrest was made.'"  Sheehy, quoting Topp v. Wolkowski, 994 F.2d 45, 48 (1st Cir.1993).  As discussed in Section III-B, plaintiff has admitted that during the traffic stop, Oliver observed that plaintiff had an odor of alcohol on his breath, and exhibited mood swings and uncooperative behavior.  Even assuming, arguendo, that these facts did not create sufficient probable cause to arrest for OUI and disorderly conduct, they are not so deficient as to establish that there clearly was no probable cause, and thus the officers are entitled to qualified immunity on plaintiff's claim for false arrest.  As the existence of probable cause

---

[4]This qualified immunity standard applies to claims brought under Section 1983 and claims brought under the MCRA.  See Kelley v. LaForce, 288 F.3d 1, 10 (2002).

also negates a claim for malicious prosecution, Nieves, 241 F.3d at 53, the officers are entitled to qualified immunity on plaintiff's claim for malicious prosecution.

As discussed in Section III-C, the officers' act of placing plaintiff into the cruiser was manifestly reasonable, and absent any allegation that the officers knew or should have known that plaintiff's positioning caused him discomfort, the officers could not have known their act rose to the level of unconstitutional force. Thus, the officers are entitled to qualified immunity on plaintiff's claim for excessive force as well.

F.  Plaintiff Cannot Establish Essential Elements of His Tort Claims

With respect to plaintiff's state-law tort claims for assault and battery, false arrest, false imprisonment, malicious prosecution, and intentional infliction of emotional distress (Counts III-VII), plaintiff cannot establish crucial elements of each of these torts and thus these claims should be dismissed.

To establish a claim for assault and/or battery, the plaintiff must show that the officers used unjustified force upon him, or attempted or threatened to use unjustified force upon him. See Le Saint v. Weston, 301 Mass. 136, 138, 16 N.E.2d 631 (1938) (claim for battery requires the "unjustified use of force upon the person of another"); see also Commonwealth v. Stanley, 345 Mass. 919, 922, 189 N.E.2d 849 (1962) ("[a]n assault is either an attempted battery or an immediately threatened battery"). As described above, the only act of "force" alleged by plaintiff – that of placing him in the cruiser – was manifestly reasonable in light of his lawful arrest. Therefore, the alleged force applied to plaintiff was justified and his claim for assault and battery should be dismissed.

Similarly, to establish a claim for false arrest or false imprisonment, plaintiff must show that the officers confined him, and that the confinement was not justified by law. See Calero-

Colon v. Betancourt-Lebron, 68 F.3d 1, 3 n.6 (1st Cir.1995) (false arrest); Shine v. Vega, 429 Mass. 456, 463 n. 13, 709 N.E.2d 58 (1999) (false imprisonment).  Because, as discussed above, probable cause existed to justify the arrest of plaintiff, the confinement of plaintiff was justified by law and therefore plaintiff cannot establish either the tort of false arrest or the tort of false imprisonment.

To establish his tort claim for malicious prosecution, plaintiff must show that the criminal proceedings were initiated against him without probable cause and for an improper purpose and were terminated in his favor.  Nieves, 241 F.3d at 53.  As noted, sufficient probable cause existed to justify plaintiff's arrest and prosecution and, further, plaintiff has not alleged any improper motive for the arrest.  Thus, he cannot establish his claim for malicious prosecution.

Finally, to establish his claim for intentional infliction of emotional distress, plaintiff must show that the officers' conduct was "extreme and outrageous."  Sena v. Commonwealth, 417 Mass. 250, 263-264, 629 N.E.2d 986 (1994).  To be considered "extreme and outrageous" the defendant's conduct must have been "beyond all bounds of decency and . . . utterly intolerable in a civilized community."  Id.  As explained above, the officers' actions throughout their encounter with plaintiff were clearly reasonable, as they were justified in believing that sufficient probable cause existed to arrest and prosecute the plaintiff, and used no more force than was necessary to execute the arrest.  Thus, their conduct could not be considered "extreme and outrageous" as a matter of law, and plaintiff's claim for intentional infliction of emotional distress should therefore be dismissed.

F.  Plaintiff's Claim for Libel Should Be Dismissed For Lack of Specificity

Defamation is a "traditionally disfavored action" to which courts have applied a stricter pleading standard than traditional notice-pleading, requiring plaintiffs to allege such claims with

specificity in order to survive a motion to dismiss.  Eyal v. Helen Bdcst. Corp., 411 Mass. 426, 432, n.7, 583 N.E.2d 228 (1991) (citing Walters v. Linhof, 559 F.Supp. 1231, 1234 (D.Colo.1983) (claim subject to dismissal for failure to set out substantially words alleged to be defamatory); Liguori v. Alexander, 495 F.Supp. 641, 648 (S.D.N.Y.1980) (claim subject to dismissal unless complaint sets out defamatory statement with specificity); National Bowl-O-Mat Corp. v. Brunswick Corp., 264 F.Supp. 221 (D.N.J.1967) (claim for defamation dismissed for failure to set out the alleged defamatory statements with particularity, and for failure to plead the dates of the alleged publication of the statements); Cimijotti v. Paulsen, 219 F.Supp. 621, 622 (N.D.Iowa 1963) (defamation must always be pled with specificity); Foster v. United States, 156 F.Supp. 421 (S.D.N.Y.1957) (slander complaint subject to dismissal for failure to set out the allegedly slanderous statements substantially as defendant had uttered them)).

In this case, plaintiff offers only the vague allegation that "the defendants issued a statement which was printed in the local newspapers, proclaiming that the plaintiff was guilty despite his acquittal."  Second Amended Complaint, ¶22.  Plaintiff's failure to identify who made the alleged statement, the date the alleged statement was made, or any part of the statement allegedly uttered not only violates the heightened pleading standard described above, it robs defendants of potential grounds for defenses to which they are entitled by law.[5]  As such, plaintiff's claim for libel should be dismissed.  Compare White v. Spence, 5 Mass.App.Ct. 679, 369 N.E.2d 731 (1977) (amended complaint complied with Superior Court order to "supply defendants with … the words alleged to be libelous," as it disclosed the precise words allegedly

---

[5]For instance, pursuant to G.L. c.231, §92, truth is an absolute defense for libel.  If the alleged statement is true on its face, then plaintiff's claim would be subject to dismissal.  Or, the alleged statement might comprise a non-actionable statement of opinion.  See King v. Globe Newspaper Co., 400 Mass. 705, 708-09 (1st Cir. 1987).  The defendants are deprived of their right to assert these defenses if plaintiff provides no facts supporting his claim.  Further, defendants are entitled to know who allegedly made the statement to determine whether the claim is set forth against a proper party.  It is highly implausible that all four of the defendants made the same alleged statement.

spoken by one specifically identified defendant, the substance of the words allegedly spoken by two other specifically identified defendants, and the dates on which all the statements were made).[6]

## IV.   CONCLUSION

WHEREFORE, for the foregoing reasons, the defendants request that this Court dismiss the Complaint in its entirety.

DEFENDANTS,

By their attorneys,

/s/Jonathan M. Silverstein
Jonathan M. Silverstein (BBO# 630431)
Jackie Cowin (BBO# 655880)
Kopelman and Paige, P.C.
  Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

234139/METG/0554

---

[6] If plaintiff's libel claim is not dismissed, defendants respectfully request that, in the alternative, the Court treat Section III-F of the instant motion as a Motion for More Definite Statement, pursuant to Fed.R.Civ.P. 12(b)(e), and order the plaintiff to identify the individual(s) who made the alleged statement, where and when the statement was allegedly published, and the specific words that were contained in the statement.