UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04CV10704RWZ

JOHN J. BAUGHAN,

      Plaintiff

v.

KEITH PELLETIER, TODD OLIVER,
FRANCOIS NAPERT, and SCOTT
ARRINGTON

      Defendant

DEFENDANTS' REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION TO DISMISS
THE SECOND AMENDED COMPLAINT,
AND PLAINTIFF'S REQUEST FOR
ATTORNEY'S FEES

Now come the defendants in the above-captioned matter, and hereby reply to Plaintiff's

Opposition to Motion to Dismiss the Second Amended Complaint, in particular plaintiff's

request for attorney's fees contained therein.  Defendants state that plaintiff's request for fees is

wholly unfounded, as defendants' motion is based on facts pled or otherwise admitted by

plaintiff and an accurate interpretation of relevant caselaw.  Defendants further state that

plaintiff's arguments to the contrary lack merit for the following reasons:

1.      Plaintiff himself acknowledges the merit of defendants' motion by agreeing that

his claim for libel is unsupportable and should be dismissed.  Opposition, p.7, ¶1.

In response to defendants' contention that the libel claim should be dismissed

because it was not pled with sufficient specificity, plaintiff admits that he is

unable to proffer any facts supporting said claim and, further, that he does not

oppose dismissal of the claim.  Id.  Therefore, defendants' motion was clearly

justified and plaintiff's request for attorney's fees should be denied on this basis alone.[1]

2.   Plaintiff's contention that defendants' motion "warped the caselaw" is wholly unfounded, as it is plaintiff who misstates the law in his Opposition.  In response to defendants' contention that the defendant police officers are entitled to qualified immunity from plaintiff's claims, plaintiff states that qualified immunity "is a defense, not a ground for dismissal of the complaint coming out of the gate. It is ripe for determination in the context of a summary judgment motion or as a defense at trial."  Plaintiff's Opposition, p.6, §F.  The caselaw, however, is to the contrary.  Qualified immunity " 'is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.' '' Saucier v. Katz, 533 U.S. 194, 200-201 (2001) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (emphasis in original)).  Thus, whether an official is entitled to qualified immunity should be resolved " 'at the earliest possible stage in litigation.' " Saucier, 522 U.S. at 201 (quoting Hunter v. Bryant, 502 U.S. 224, 227 (1991)).  As it is well-settled that the issue of qualified immunity should be resolved "at the earliest possible stage," plaintiff's argument otherwise is confounding, his contention that defendants "warped the caselaw" is ironic, and his request for attorney's fees is without merit.

---

[1] During the Local Rule 7.1 conference regarding defendants' motion to dismiss, defense counsel asked plaintiff to provide the specific facts underlying his libel claim, which would enable defendants to forego requesting dismissal of said claim.  Plaintiff's counsel refused, thereby forcing defendants to address the claim in their Motion to Dismiss.  Plaintiff's refusal to dismiss his libel claim at that time, when he clearly did not have facts sufficient to support the claim, was vexatious, and renders his request for attorney's fees an exercise in hypocrisy.  Indeed, the fact that plaintiff's second counsel filed and signed the Second Amended Complaint without adequately investigating the supportability of the libel claim included therein raises Rule 11 concerns.

3.     Plaintiff's contention that defendants improperly treated as admitted facts contained in a police report, which was attached to plaintiff's Original Complaint and First Amended Complaint, is without merit.  Plaintiff's Opposition, p.1, ¶2; p.7, ¶4.  This document is properly considered by the Court, pursuant to Fed. R. Civ. P. 10(c), see also O'Brien v. DiGrazia, 544 F.2d 543, 545 n.1 (1st Cir. 1976), and plaintiff provides no legal support for his contention otherwise.   Further, defendants note that the Second Amended Complaint does not deny the relevant assertions in the police report:  Specifically, that plaintiff was driving with an expired registration and rolled through a Stop sign without stopping, that he refused to undergo field sobriety tests, and that he refused to return to his car when ordered to by the defendant officer.  As such, plaintiff's contention that it was "legally disingenuous" for defendants to treat these facts as admitted is, itself, disingenuous.

4.     Plaintiff's request that he be awarded fees for opposing the Motion to Dismiss is utterly misplaced, given that plaintiff's inability to plead a coherent complaint has created numerous hours of unnecessary work for defendants.  Plaintiff's original Complaint was a lengthy, convoluted morass, featuring 23 counts against 13 defendants.  In response to this Court's order to streamline his claims, plaintiff filed an Amended Complaint that was equally prolix, featuring 23 counts against eight defendants.  In response, defendants filed a detailed Motion to Dismiss the Amended Complaint, an effort that went for naught when plaintiff, subsequent to the filing of the Motion to Dismiss, again moved to amend the complaint.  In moving to amend, plaintiff specifically admitted that the defendants' motion to

dismiss was meritorious and that the Amended Complaint was not viable. The Second Amended Complaint sought to remedy deficiencies in the earlier complaints, in part, by removing facts pled in the earlier complaints that ran counter to plaintiff's claims.[2] In allowing the second amendment, this Court stated that the plaintiff would be bound by the admissions in prior complaints. Defendants thus filed a second Motion to Dismiss, which is the subject of plaintiff's request for fees.

5.    Despite having had to respond to three separate complaints in this matter, none of which, the defendants contend, has merit, the defendants have not requested that they be awarded their attorney's fees for the time wasted by the plaintiff's improper pleadings. It is indeed ironic that plaintiff now would claim entitlement to such a sanction. The procedural history of this case renders plaintiff's request for fees especially hypocritical, and the request should be denied on this additional basis.[3]

---

[2] In his motion to amend, plaintiff's counsel also stated that defendants did not comply with Local Rule 7.1 prior to filing their Motion to Dismiss. As stated by defense counsel in an affidavit filed with this Court, this statement was patently false.
[3] Defendants note a further irony in plaintiff's request for fees. Plaintiff's initial counsel filed a Motion to Withdraw on the purported grounds that he has become unable to represent plaintiff for medical reasons. The true reason for prior counsel's need to withdraw, however, is that he was recently disbarred by the Massachusetts Supreme Judicial Court. See Exhibit A.

WHEREFORE, defendants respectfully request that this Court allow their Motion to Dismiss the Second Amended Complaint, and deny plaintiff's request for attorney's fees.

DEFENDANTS,

By their attorneys,

/s/Jonathan M. Silverstein_____
Jonathan M. Silverstein (BBO# 630431)
Jackie Cowin (BBO# 655880)
Kopelman and Paige, P.C.
  Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

235351/METG/0554