UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04CV10704RWZ

JOHN J. BAUGHAN,

     Plaintiff

v.

KEITH PELLETIER, TODD OLIVER,
FRANCOIS NAPERT, and SCOTT
ARRINGTON

     Defendant

DEFENDANTS' REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION TO DISMISS
THE SECOND AMENDED COMPLAINT,
AND PLAINTIFF'S REQUEST FOR
ATTORNEY'S FEES

Now come the defendants in the above-captioned matter, and hereby reply to Plaintiff's

Opposition to Motion to Dismiss the Second Amended Complaint, in particular plaintiff's

request for attorney's fees contained therein. Defendants state that plaintiff's request for fees is

wholly unfounded, as defendants' motion is based on facts pled or otherwise admitted by

plaintiff and an accurate interpretation of relevant caselaw. Defendants further state that

plaintiff's arguments to the contrary lack merit for the following reasons:

1.    Plaintiff himself acknowledges the merit of defendants' motion by agreeing that

his claim for libel is unsupportable and should be dismissed. Opposition, p.7, ¶1.

In response to defendants' contention that the libel claim should be dismissed

because it was not pled with sufficient specificity, plaintiff admits that he is

unable to proffer any facts supporting said claim and, further, that he does not

oppose dismissal of the claim. Id. Therefore, defendants' motion was clearly

justified and plaintiff's request for attorney's fees should be denied on this basis
alone.[1]

2.    Plaintiff's contention that defendants' motion "warped the caselaw" is wholly
unfounded, as it is plaintiff who misstates the law in his Opposition.  In response
to defendants' contention that the defendant police officers are entitled to
qualified immunity from plaintiff's claims, plaintiff states that qualified immunity
"is a defense, not a ground for dismissal of the complaint coming out of the gate.
It is ripe for determination in the context of a summary judgment motion or as a
defense at trial."  Plaintiff's Opposition, p.6, §F.  The caselaw, however, is to the
contrary.  Qualified immunity " 'is an *immunity from suit* rather than a mere
defense to liability; and like an absolute immunity, it is effectively lost if a case is
erroneously permitted to go to trial.' '' Saucier v. Katz, 533 U.S. 194, 200-201
(2001) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (emphasis in
original)).  Thus, whether an official is entitled to qualified immunity should be
resolved " 'at the earliest possible stage in litigation.' '' Saucier, 522 U.S. at 201
(quoting Hunter v. Bryant, 502 U.S. 224, 227 (1991)).  As it is well-settled that
the issue of qualified immunity should be resolved "at the earliest possible stage,"
plaintiff's argument otherwise is confounding, his contention that defendants
"warped the caselaw" is ironic, and his request for attorney's fees is without
merit.

---

[1] During the Local Rule 7.1 conference regarding defendants' motion to dismiss, defense counsel asked plaintiff to
provide the specific facts underlying his libel claim, which would enable defendants to forego requesting dismissal
of said claim.  Plaintiff's counsel refused, thereby forcing defendants to address the claim in their Motion to
Dismiss.  Plaintiff's refusal to dismiss his libel claim at that time, when he clearly did not have facts sufficient to
support the claim, was vexatious, and renders his request for attorney's fees an exercise in hypocrisy.  Indeed, the
fact that plaintiff's second counsel filed and signed the Second Amended Complaint without adequately
investigating the supportability of the libel claim included therein raises Rule 11 concerns.

3.    Plaintiff's contention that defendants improperly treated as admitted facts

contained in a police report, <u>which was attached</u> to plaintiff's Original Complaint

and First Amended Complaint, is without merit. <u>Plaintiff's Opposition</u>, p.1, ¶2;

p.7, ¶4.  This document is properly considered by the Court, pursuant to Fed. R.

Civ. P. 10(c), <u>see also</u> <u>O'Brien</u> v. <u>DiGrazia</u>, 544 F.2d 543, 545 n.1 (1st Cir. 1976),

and plaintiff provides no legal support for his contention otherwise.  Further,

defendants note that the Second Amended Complaint <u>does not deny</u> the relevant

assertions in the police report:  Specifically, that plaintiff was driving with an

expired registration and rolled through a Stop sign without stopping, that he

refused to undergo field sobriety tests, and that he refused to return to his car

when ordered to by the defendant officer.  As such, plaintiff's contention that it

was "legally disingenuous" for defendants to treat these facts as admitted is, itself,

disingenuous.

4.    Plaintiff's request that he be awarded fees for opposing the Motion to Dismiss is

utterly misplaced, given that plaintiff's inability to plead a coherent complaint has

created numerous hours of unnecessary work for defendants.  Plaintiff's original

Complaint was a lengthy, convoluted morass, featuring 23 counts against 13

defendants.  In response to this Court's order to streamline his claims, plaintiff

filed an Amended Complaint that was equally prolix, featuring 23 counts against

eight defendants.  In response, defendants filed a detailed Motion to Dismiss the

Amended Complaint, an effort that went for naught when plaintiff, <u>subsequent</u> to

the filing of the Motion to Dismiss, again moved to amend the complaint.  In

moving to amend, plaintiff specifically admitted that the defendants' motion to

3

dismiss was meritorious and that the Amended Complaint was not viable. The Second Amended Complaint sought to remedy deficiencies in the earlier complaints, in part, by removing facts pled in the earlier complaints that ran counter to plaintiff's claims.[2] In allowing the second amendment, this Court stated that the plaintiff would be bound by the admissions in prior complaints. Defendants thus filed a second Motion to Dismiss, which is the subject of plaintiff's request for fees.

5.      Despite having had to respond to three separate complaints in this matter, none of which, the defendants contend, has merit, the defendants have not requested that they be awarded their attorney's fees for the time wasted by the plaintiff's improper pleadings. It is indeed ironic that plaintiff now would claim entitlement to such a sanction. The procedural history of this case renders plaintiff's request for fees especially hypocritical, and the request should be denied on this additional basis.[3]

---

[2] In his motion to amend, plaintiff's counsel also stated that defendants did not comply with Local Rule 7.1 prior to filing their Motion to Dismiss. As stated by defense counsel in an affidavit filed with this Court, this statement was patently false.

[3] Defendants note a further irony in plaintiff's request for fees. Plaintiff's initial counsel filed a Motion to Withdraw on the purported grounds that he has become unable to represent plaintiff for medical reasons. The true reason for prior counsel's need to withdraw, however, is that he was recently disbarred by the Massachusetts Supreme Judicial Court. See Exhibit A.

WHEREFORE, defendants respectfully request that this Court allow their Motion to

Dismiss the Second Amended Complaint, and deny plaintiff's request for attorney's fees.

<div style="margin-left: 40%">

DEFENDANTS,

By their attorneys,

/s/Jonathan M. Silverstein
Jonathan M. Silverstein (BBO# 630431)
Jackie Cowin (BBO# 655880)
Kopelman and Paige, P.C.
  Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

</div>

235351/METG/0554

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                          SUPREME JUDICIAL COURT
                                      FOR SUFFOLK COUNTY
                                      NO:  BD-2004-042


IN RE: EMILE E. MORAD

JUDGMENT OF DISBARMENT


     This matter came before the Court, Sosman, J., on an
Information and Record of Proceedings with the Vote and
Recommendation of the Board of Bar Overseers filed by the Board
on April 30, 2004.  Upon consideration thereof and for reasons
stated in the Memorandum of Decision and Order of this date, it
is ORDERED and ADJUDGED that:

     1.    EMILE E. MORAD is hereby disbarred from the practice of
law in the Commonwealth of Massachusetts and the lawyer's name is
stricken from the Roll of Attorneys.  In accordance with S.J.C.
Rule 4:01, sec. 17(3), the disbarment shall be effective thirty
days after the date of the entry of this Judgment.  The lawyer,
after the entry of this Judgment, shall not accept any new
retainer or engage as lawyer for another in any new case or legal
matter of any nature.  During the period between the entry date
of this Judgment and its effective date, however, the lawyer may
wind up and complete, on behalf of any client, all matters which
were pending on the entry date.

     It is FURTHER ORDERED that:

**EXHIBIT A**

2

2.    Within fourteen (14) days of the date of entry of this Judgment, the lawyer shall:

a)    file a notice of withdrawal as of the effective date of the disbarment with every court, agency, or tribunal before which a matter is pending, together with a copy of the notices sent pursuant to paragraphs 2(c) and 2(d) of this Judgment, the client's or clients' place of residence, and the case caption and docket number of the client's or clients' proceedings;

b)    resign as of the effective date of the disbarment all appointments as guardian, executor, administrator, trustee, attorney-in-fact, or other fiduciary, attaching to the resignation a copy of the notices sent to the wards, heirs, or beneficiaries pursuant to paragraphs 2(c) and 2(d) of this Judgment, the place of residence of the wards, heirs, or beneficiaries, and the case caption and docket number of the proceedings, if any;

c)    provide notice to all clients and to all wards, heirs, and beneficiaries that the lawyer has been disbarred; that he is disqualified from acting as a lawyer after the effective date of the disbarment; and that, if not represented by co-counsel, the client, ward, heir, or beneficiary should act promptly to substitute another lawyer or fiduciary or to seek legal advice elsewhere, calling attention to any urgency arising from the circumstances of the case;

3

d)    provide notice to counsel for all parties (or, in
the absence of counsel, the parties) in pending matters that
the lawyer has been disbarred and, as a consequence, is
disqualified from acting as a lawyer after the effective
date of the disbarment;

e)    make available to all clients being represented in
pending matters any papers or other property to which they
are entitled, calling attention to any urgency for obtaining
the papers or other property;

f)    refund any part of any fees paid in advance that
have not been earned; and

g)    close every IOLTA, client, trust or other
fiduciary account and properly disburse or otherwise
transfer all client and fiduciary funds in his possession,
custody or control.

All notices required by this paragraph shall be served by
certified mail, return receipt requested, in a form approved by
the Board.

3.    Within twenty-one (21) days after the date of entry of
this Judgment, the lawyer shall file with the Office of the Bar
Counsel an affidavit certifying that the lawyer has fully
complied with the provisions of this Judgment and with bar
disciplinary rules.  Appended to the affidavit of compliance
shall be:

a)    a copy of each form of notice, the names and
addresses of the clients, wards, heirs, beneficiaries,

4

attorneys, courts and agencies to which notices were sent,
and all return receipts or returned mail received up to the
date of the affidavit.  Supplemental affidavits shall be
filed covering subsequent return receipts and returned mail.
Such names and addresses of clients shall remain
confidential unless otherwise requested in writing by the
lawyer or ordered by the court;

b)  a schedule showing the location, title and account
number of every bank account designated as an IOLTA, client,
trust or other fiduciary account and of every account in
which the lawyer holds or held as of the entry date of this
Judgment any client, trust or fiduciary funds;

c)  a schedule describing the lawyer's disposition of
all client and fiduciary funds in the lawyer's possession,
custody or control as of the entry date of this Judgment or
thereafter;

d)  such proof of the proper distribution of such funds
and the closing of such accounts as has been requested by
the bar counsel, including copies of checks and other
instruments;

e)  a list of all other state, federal and
administrative jurisdictions to which the lawyer is admitted
to practice; and

f)  the residence or other street address where
communications to the lawyer may thereafter be directed.
The lawyer shall retain copies of all notices sent and shall

5

maintain complete records of the steps taken to comply with the notice requirements of S.J.C. Rule 4:01, Section 17.

    4.    Within twenty-one (21) days after the entry date of this Judgment, the lawyer shall file with the Clerk of the Supreme Judicial Court for Suffolk County:

        a)    a copy of the affidavit of compliance required by paragraph 3 of this Judgment;

        b)    a list of all other state, federal and administrative jurisdictions to which the lawyer is admitted to practice; and

        c)    the residence or other street address where communications to the lawyer may thereafter be directed.

                        By the Court (Sosman, J.),

                        Assistant Clerk

Entered: August 27, 2004