UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10704-RWZ

JOHN BAUGHAN

v.

KEITH PELLETIER, TODD OLIVER,
FRANCOIS NAPERT and SCOTT ARRINGTON

MEMORANDUM OF DECISION

July 8, 2005

ZOBEL, D.J.

On the evening of April 10, 2001, plaintiff John Baughan was driving in the Town of Westport, Massachusetts. Westport Police Officer Todd Oliver's report, explicitly incorporated in and attached to plaintiff's complaint,[1] states that Officer Oliver ("Oliver") saw plaintiff roll through a stop sign on Main Road and then noticed that his registration sticker had expired. He pulled plaintiff over. After confirming with the dispatcher that plaintiff's registration sticker had indeed expired, Oliver informed plaintiff that his car would have to be towed. Plaintiff began to argue with him. He told the officer that he was going to a town meeting. As Oliver walked back to his police cruiser to let the dispatcher know that plaintiff's car needed to be towed, plaintiff followed him despite orders to return to his car. Oliver was standing behind his cruiser door, which was half open, and again told plaintiff to return to his car. Plaintiff replied that he was not going

---

[1] The Court allowed plaintiff to subsequently amend the complaint two times, but noted that any admissions made in earlier versions of the complaint remained binding.

to listen to anything the officer had to say, and he pulled the police car door into a fully open position. Plaintiff continued the argument while standing in the middle of Main Road. Oliver noticed that traffic slowed down since plaintiff was blocking one of the lanes. He told plaintiff that if he did not return to his own car, he would be arrested for disorderly conduct. While talking to plaintiff, Oliver detected "a slight [odor] of alcohol from [plaintiff's] breath." Compl. at Ex. A. Oliver got into his police cruiser and shut the door, but plaintiff opened it and continued to argue. Oliver closed and locked his door and called for more officers. Plaintiff then walked back to his own car and Oliver got out of his cruiser to watch him. When plaintiff started to return to the police cruiser, Oliver told him to stay with his own car. Plaintiff ignored him, and Oliver got back into his cruiser. Plaintiff again stood in the road and continued to argue with the officer. He tried to open the cruiser door again, but the officer grabbed the door and held it shut. Plaintiff then put his car keys on Oliver's windshield, and as he was walking away, Officers Keith Pelletier, Francois Napert, and Scott Arrington arrived. Plaintiff refused to submit to any field sobriety tests. "Due to the fact that [plaintiff] was uncooperative, had violent mood swings and the smell of alcohol on his breath, these being consistent with a person under the influence[,]" Oliver arrested plaintiff both for operating under the influence and for disorderly conduct. Compl. at Ex. A. The second amended complaint further states that plaintiff was handcuffed and put into the police car. At the police station, he voluntarily took two breathalyzer tests which resulted in readings of 0.01. He was charged with disorderly conduct and placed in a holding cell where he remained from 7 p.m. until 3:30 a.m. The next day, Oliver swore out an application for

criminal complaint, and plaintiff was arraigned in the Fall River District Court. After a bench trial, he was acquitted on the charge of disorderly conduct.

Plaintiff has now filed suit in this Court against defendants Keith Pelletier, Todd Oliver, Francis Napert, and Scott Arrington. The second amended complaint alleges the following counts: (1) a claim under 42 U.S.C. § 1983 for violation of his Fourth, Fifth and Fourteenth Amendment rights, (2) violation of the Massachusetts Civil Rights Act, (3) assault and battery, (4) false arrest, (5) false imprisonment, (6) malicious prosecution, (7) infliction of emotional distress, and (8) libel. Defendants move to dismiss all counts.

Count One has four parts; plaintiff alleges that defendants violated his right to be free from: a) excessive and unreasonable force, b) deprivation of liberty without due process of law, c) arrest and detention without a warrant or probable cause, and d) malicious prosecution. The parties agree that the success of plaintiff's claims for lack of due process, false arrest, and malicious prosecution (parts b, c, and d of count one, as well as counts four and six) hinges on the absence of probable cause. Plaintiff admits that counts five and seven for false imprisonment and infliction of emotional distress also depend on the lack of probable cause. Probable cause exists when the facts and circumstances known to the officer at the time of the arrest are sufficient to permit a prudent person to believe that the suspect had committed or was committing a crime. United States v. Bizier, 111 F.3d 214, 217 (1st Cir. 1997). "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the

offender." Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001). An investigative stop may turn into an arrest based on information developed during the stop. Bizier, at 217. Furthermore, probable cause justifying arrest may relate to a charge that is not later prosecuted. Bizier, 111 F.3d at 218. In other words, probable cause must exist for at least one crime that might be charged at the time of arrest. Id. at 219.

     Plaintiff does not contest Oliver's decision to stop him for a traffic violation. The issue then becomes whether the investigative stop properly transformed into an arrest. A person is guilty of disorderly conduct "if, with purpose to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he (a) engages in fighting or threatening, or in violent or tumultuous behavior; . . . or (c) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor." Iacobucci v. Boulter, 193 F.3d 14, 23 (1st Cir. 1999).

     Plaintiff contends that mere refusal to return to his car does not constitute probable cause to arrest him for disorderly conduct. However, according to the complaint, plaintiff not only refused to return to his car, he also approached the police cruiser against Oliver's instruction, yanked the door open more than once, and asserted that he would not listen to the officer. All of this activity can be construed as threatening or violent behavior. He also stood in a public road and blocked a lane. As a result of plaintiff's conduct, traffic slowed. Because the facts alleged in plaintiff's complaint establish that he acted in a threatening or violent manner and recklessly created a risk of a hazardous condition by standing in the road for no legitimate purpose, plaintiff necessarily acknowledges probable cause for disorderly conduct and thus fails to state viable claims in parts b, c, and d of count one, and counts four, five,

4

six and seven.

The remaining portion of count one as well as count three allege that the police officers used excessive and unreasonable force when arresting plaintiff. Specifically, plaintiff states that they handcuffed him and put him in the police car in a position "that caused him severe discomfort in his knees." Second Amended Compl. at ¶ 11. Whether the officers used excessive force in violation of the Fourth Amendment depends on a determination that "the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham v. Connor, 490 U.S. 386, 397 (1989). The facts alleged do not permit any finding that the officers acted unreasonably in handcuffing plaintiff and placing him in the police car, even though he may have been uncomfortable. Accordingly, the counts based on assertions of excessive force, a portion of count one and count three, are dismissed.

In count two, plaintiff claims under the Massachusetts Civil Rights Act, Mass. Gen. Laws ch. 12, § 11I, which requires the use of threats, intimidation or coercion against him. Canney v. City of Chelsea, 925 F. Supp. 58, 68 (D. Mass. 1996)(essential element of a Massachusetts Civil Rights Act violation is threat, intimidation, or coercion). In support of this claim, he asserts that "his groundless seizure, arrest and detention and subsequent prosecution were carried out because of his position on the Financial Committee and his opposition to budget requests by the Chief of Police." Pl.'s Mem. in Opp'n at 5-6. However, plaintiff's arrest was not groundless. More importantly, he has not alleged that defendants threatened, coerced, or intimidated him.

Count two may be dismissed.

Finally, plaintiff does not oppose the dismissal of Count Eight for libel.

Accordingly, defendants' motion to dismiss is allowed as to all counts. Judgment may be entered dismissing the second amended complaint.

|  |  |
|---|---|
| _____<br>DATE | /s/ Rya W. Zobel<br>RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |